In the Matter of FRANCES F. PAPLOW, Respondent, *v.* JOHN N. MINSKER et al., Constituting the Zoning Board of Appeals of the Village of East Aurora, Respondents; RICHARD F. BOCKRATH, Intervenor-Appellant.

Fourth Department, December 13, 1973.

*Moot, Sprague, Marcy, Landy, Fernbach & Smythe* (*Anthony DiFilipo, IV,* of counsel), for intervenor-appellant.

*Kevin Kennedy* (*Beatrice D. Kennedy* of counsel), for Frances F. Paplow, respondent.

*Walter W. Howitt* for East Aurora Board of Appeals, respondent.

SIMONS, J.   Intervenor-appellant in this article 78 proceeding appeals from a judgment which annulled a variance granted by the East Aurora Zoning Board of Appeals permitting him to

use his real property located in a single-residence zone as a two-family residence.

The building was constructed 75 or 100 years ago as a single-family residence. About 40 years ago it was converted to a two-family residence and that nonconforming use continued after the village zoning ordinance was passed in 1961. The prior owner of the property died in January, 1971 and the property remained vacant due to complications with the estate and government liens on the property for 21 months until appellant purchased it in October, 1972. The Building Inspector denied appellant permission to use the property as a two-family residence because under the provisions of the zoning ordinance, the discontinuance of active and continuous use of a nonconforming building for one year constitutes an abandonment (Zoning Ordinance, § 93–46, and see *Village of Spencerport* v. *Webaco Oil Co.*, 33 A D 2d 634). The Board of Appeals unanimously granted a variance to re-establish the nonconforming use and Special Term annulled that determination, holding that the appellant had not proved the unnecessary hardship required for a variance under the rule of *Matter of Otto* v. *Steinhilber* (282 N. Y. 71) and also that if there was any hardship to appellant, it was self-imposed.

The board could fairly find on the evidence before it that appellant's problem was unique[1] and that re-establishment of the prior nonconforming use would not alter the essential character of the neighborhood. However, there was no evidence before it and it made no finding that the property would not yield a reasonable return if the use was restricted to that permitted by the ordinance or that the economic hardship associated with reconverting the property to a permitted use was unreasonable because of the property's physical characteristics (*Matter of Fiore* v. *Zoning Bd. of Appeals*, 21 N Y 2d 393, 397; *Matter of Otto* v. *Steinhilber, supra*). Appellant should be permitted to submit proof on that issue so that the board may make appropriate findings.

Furthermore, we do not agree that any hardship resulting to appellant was self-imposed within the spirit and holdings of the case law on the subject which provides that a property owner may not create a condition of hardship by acquiring restricted land and then assert that condition as an excuse for a variance.

---

1. But see *Matter of Jayne Estates* v. *Raynor* (22 N Y 2d 417); *Matter of Kenyon* v. *Quinones* (43 A D 2d 125).

The variance procedure is designed to grant administrative relief from hardship resulting to an individual property owner by the literal application of zoning requirements. The procedure is abused when an owner uses it as a means of obtaining some private advantage over his neighbor or to the detriment to the neighborhood or area in general. Therefore, the general rule is that a property owner is not entitled to a use variance to relieve himself from a self-imposed hardship (*Matter of Clark* v. *Board of Zoning Appeals*, 301 N. Y. 86). Even if a property owner does not have actual knowledge of the applicable provisions of the ordinance, he is bound by them and by any facts and circumstances concerning the use of the property which he may learn by exercising reasonable diligence (2 Anderson, New York Zoning Law and Practice [2d ed], § 18.29; 42 N. Y. Jur., Notice and Notices, § 3). Having said that, however, it is much too severe a result to deny the opportunity for relief in this case solely on the basis of self-imposed hardship. While appellant is bound to know the law, there is a reasonable limitation upon the factual knowledge of prior uses which may be constructively charged to a stranger purchasing property in good faith.

The appellant bought the premises from respondent Paplow at a mortgage foreclosure sale. From all outward appearances, this building was vacant at the time of sale only because of title difficulties attendant upon the death of the prior owner.[2] Appellant bought what appeared to be a two-family house that had last been inhabited as a two-family house and had legally existed as such for over 40 years, and he bought it for the purpose of continuing that use. He had no intention of seeking a zoning change after the sale for his private advantage or for a purpose known to him to be outlawed by the zoning ordinance (cf. *Matter of Thomas* v. *Board of Standards and Appeals*, 263 App. Div. 352, 355, revd. on other grounds 290 N. Y. 109; *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals*, 271 App. Div. 33, 41). Under the circumstances, he was entitled to rely upon this actual knowledge without the duty to investigate further before the foreclosure sale and without being

---

2. Apparently in this case none of the parties involved was able to re-enter and use the premises to avoid the time lapse until the property was sold to appellant. Compare *Matter of Hanna* v. *Crossley* (40 A D 2d 577, revg. 67 Misc 2d 199) in which it was held that the nonconforming use of a gas station was discontinued despite the landlord's inability to re-enter the leased premises left vacant by the tenant, the court holding that such difficulties could be resolved by appropriate terms in the lease.

barred from re-establishing the two-family use solely on the ground that his difficulties were self-imposed.

The matter should be remitted to the board for further development of the record and findings with respect to financial hardship (*Matter of Weidenhamer* v. *Bundschuh,* 37 A D 2d 720).

GOLDMAN, P. J., MOULE, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously reversed with costs and matter remitted to Zoning Board of Appeals for further proceedings in accordance with opinion by SIMONS, J.