In the Matter of WILLIAM CARLOZZI et al., Respondents, v FRANCIS BARLOW et al., Constituting the Zoning Board of Appeals of the Town of Chester, Appellants.

Third Department, October 30, 1986

## APPEARANCES OF COUNSEL

*Frederick H. Monroe, P. C. (James W. Cooper* of counsel), for appellants.

*Walter O. Rehm, III,* for respondents.

## OPINION OF THE COURT

CASEY, J.

The issue presented by this appeal is whether the Zoning Board of Appeals of the Town of Chester in Warren County abused its discretion in denying petitioners' application for an area variance. Special Term held that the Zoning Board did abuse its discretion. We agree.

The property at issue, owned by petitioners, consists of .96 acre of land with 169 feet of frontage on the westerly side of Route 9, in a B-1 (General Business) district under the town's Zoning Ordinance. Two buildings on the property near its southern boundary are used for office space and apartments. The northern half of the lot has been vacant for a number of years, having been previously used for the storage of equipment and vehicles. In February 1985 petitioners were notified by the United States Postal Service that they were the successful bidders for the new post office in Chestertown, to be located in a building to be constructed on the northern half of the subject property. Among the conditions imposed by the Postal Service was the requirement that petitioners grant the Postal Service the option to purchase the proposed building and underlying land. To meet this requirement, petitioners sought to subdivide their property into two lots, one containing 20,260 square feet with 95 feet of frontage and the other containing 21,470 square feet with 74 feet of frontage.

Use of the property as a post office is permitted in a B-1 district, but the zoning ordinance imposes a minimum lot size

requirement of 21,780 square feet (one-half acre) and a minimum frontage requirement of 100 feet. Petitioners sought an area variance from the town's Zoning Board, and a public hearing was held on petitioners' application at which a number of residents voiced concerns and objections as to potential parking problems, traffic congestion and other matters. The Zoning Board denied petitioners' application, concluding that the proposed subdivision would cause substantial changes in the neighborhood and create two substandard lots.

In *Conley v Town of Brookhaven Zoning Bd. of Appeals* (40 NY2d 309), the court explained: "[T]he supporting proof [for an area variance] need not be as compelling as is required to sustain a request for a use variance. * * * The oft-stated standard by which a request for an area variance is to be measured is whether strict compliance with the zoning ordinance will result in practical difficulties * * * The local zoning boards have discretion in considering applications for variances and the judicial function is a limited one. The courts may set aside a zoning board determination only where the record reveals illegality, arbitrariness or abuse of discretion * * * Phrased another way, the determination of the responsible officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence in the record" *(supra,* at pp 313-314; citations omitted).

We begin our review of the determination herein by looking to the local zoning ordinance, for the Zoning Board may exercise only that authority properly delegated to it *(Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 109). The relevant local law authorizes the Zoning Board to grant variances where there are practical difficulties or unnecessary hardships, provided that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done. It is significant that the Zoning Board made no factual findings under the guidelines set forth in the Zoning Ordinance. Nor did it make any effort to relate its conclusions to those guidelines.

Also lacking is any determination by the Zoning Board that the minimum lot size and frontage restrictions are reasonably related to a legitimate exercise of the zoning power. Since petitioners will lose the Postal Service bid if they cannot subdivide the property and provide the required purchase option, there can be little doubt that petitioners have shown significant economic injury. Thus, the burden of going forward with proof that the restrictions are reasonably related to a

legitimate exercise of the zoning power was upon the municipality and where, as here, the magnitude of the variance sought is slight, the more difficult it is for the municipality to sustain its burden of establishing that the restrictions are reasonably related to valid governmental interests *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 443).

Lastly, there is no rational basis in the record supporting the Zoning Board's determination to deny petitioners' application for an area variance. The Zoning Board's conclusion that substantial changes in the neighborhood would occur is not supported by substantial evidence. The B-1 district where petitioners' property is located permits business uses, and the area contains a mix of businesses and residences. The subject property is already used for business purposes. Petitioners' attorney noted at the hearing that the tax map shows many lots in the area that do not comply with the minimum lot size and/or frontage requirements. Much of the hearing was devoted to complaints from area residents about the Postal Service's choice of the location for its new post office, but that issue is irrelevant to the question of whether petitioners' request for an area variance should be granted. Local residents also voiced concerns about potential parking problems and traffic congestion, but petitioners' proposal meets the parking requirements of the Zoning Ordinance and, although one resident requested that a traffic study be conducted, no objective proof was presented on this issue. In view of the significant economic injury shown by petitioners, and since the change sought by petitioners is relatively slight, the mere fact that two substandard lots will be created is insufficient to support the Zoning Board's denial of petitioners' request.

For the reasons stated above, Special Term's judgment should be affirmed.

MAHONEY, P. J., MAIN, MIKOLL and HARVEY, JJ., concur.

Judgment affirmed, without costs.