■ In the Matter of YESHIVA & MESIVTA TORAS CHAIM, Appellant, v HENRY W. ROSE, as Chairman of the Board of Zoning Appeals of the Town of Hempstead, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead (hereinafter the board) dated June 17, 1986, which denied the petitioner a permit to use its building under the designation of religious use and also denied certain variance requests, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Molloy, J.), dated April 17, 1987, which, after a hearing, upheld the board's determination.

Ordered that the judgment is affirmed, with costs.

The petitioner is a not-for-profit corporation which operates a private school for Jewish children from nursery through eighth grade. It purchased a parcel of property improved with a building in the Town of Hempstead for the purpose of creating a center for the study of the Nazi persecution of the Jews, known as the "Holocaust". The petitioner applied to the town for a permit to change the use of the subject premises from a one-family residence to a religious study center. The proposed use was to engage in the study of the "Holocaust" and provide materials, facilities and education to others at the premises relating to the Holocaust. The petitioner contends that the center's activities constituted a religious or educational use and, thus, should be allowed as of right in the residential neighborhood in which it was situated. The petitioner also requested variances for off-street parking and side-yard setbacks. The Department of Buildings, the board and the Supreme Court disagreed. All found the activities conducted on the premises not to be a "religious use" as required under section 16 of article IV, and section 83 of article IX of the Town of Hempstead Building Zone Ordinance.

In order to be afforded a permit for an "educational use" under the ordinance, the petitioner must be approved for such activity by a charter from the Board of Regents of the State of New York, which, it is conceded, is lacking.

The applicable standards for review of a determination of a zoning board of appeals have been stated as follows: " 'The courts may set aside a zoning board determination only where

the record reveals illegality, arbitrariness or abuse of discretion. *(Matter of Fulling v Palumbo,* 21 NY2d 30, 32; *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24.) Phrased another way, the determination of the responsible officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence in the record. *(Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers,* 17 NY2d 249, 255, *supra.)' (Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314, *supra.)" (Matter of Cowan v Kern,* 41 NY2d 591, 598, *rearg denied* 42 NY2d 910; *see also, Matter of Frishman v Schmidt,* 61 NY2d 823; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702; *Matter of CDK Rest. v Krucklin,* 118 AD2d 851.)

Upon a review of the record, we find the determination of the board that the center as operated was not a religious use under the Town of Hempstead Building Zone Ordinance was supported by substantial evidence, and thus we decline to disturb its finding *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Diocese of Rochester v Planning Bd.,* 1 NY2d 508; *Matter of Community Synagogue v Bates,* 1 NY2d 445). While recognizing that the courts of this State have been very flexible in their interpretation of religious uses under local zoning ordinances *(see, e.g., Matter of Faith For Today v Murdock,* 11 AD2d 718, *affd* 9 NY2d 761; *Matter of Community Synagogue v Bates, supra; Matter of Diocese of Rochester v Planning Bd., supra; Shaffer v Temple Beth Emeth,* 198 App Div 607; *Westbury Hebrew Congregation v Downer,* 59 Misc 2d 387; *Matter of Unitarian Universalist Church v Shorten,* 63 Misc 2d 978; *Slevin v Long Is. Jewish Med. Center,* 66 Misc 2d 312), the flexibility has been directed to ancillary or accessory functions of religious institutions whose principal use is a place of worship. Affiliation with or supervision by religious organizations does not, per se, transform institutions into religious ones. "It is the proposed use of the land, not the religious nature of the organization, which must control" *(Bright Horizon House v Zoning Bd. of Appeals,* 121 Misc 2d 703, 709). In sum, we find that the board's determination that use of the land does not fall within the broad definition of a "religious use" was not arbitrary and capricious.

Accordingly, we decline to review the denial of the two variance requests, as they are academic *(see generally, Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283, *rearg denied* 39 NY2d 743, *cert denied*

426 US 950). Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.