■ In the Matter of RUSSELL C. THARP, JR., et al., Respondents, v ZONING BOARD OF APPEALS OF THE CITY OF SARATOGA SPRINGS, Appellant. HARRY PEARTREE, III, Intervenor-Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Brown, J.), entered April 21, 1987 in Saratoga County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent granting the intervenor's application for a use and area variance.

Harry Peartree, III, entered into a contract in 1985 to purchase property, located in the City of Saratoga Springs, Saratoga County, from Philip A. Parkhurst. The property consisted of a garage and surrounding land that had been used by Parkhurst's family from 1919 to 1985 as a repair shop for automobiles and small engines. As contract vendee, Peartree applied to the city's building inspector for permission to operate an automobile repair and body shop. On the ground that the premises were located in an area zoned "R-2", single-family residential, and a preexisting, nonconforming use as a licensed repair shop had ceased to exist in 1977, Peartree's application was denied. On appeal to respondent, the building inspector's denial was reversed. However, petitioners, who are residents of the city, successfully attacked this determination in a CPLR article 78 proceeding in Supreme Court and the case was remanded for further proceedings. Shortly thereafter, the subject property was conveyed to Peartree.

Subsequent to recording his deed, Peartree reapplied to the building inspector for a use and area variance, alleging that the failure to obtain such variance would present unnecessary hardship. The application was denied, and Peartree again appealed to respondent. Petitioners opposed, alleging primarily that any hardship suffered by Peartree was self-created since he purchased the property with knowledge that the prior nonconforming use had ceased to exist in 1977. Respondent, finding that hardship did exist, ruled in favor of Peartree and granted the variance. Petitioners then commenced this article 78 proceeding and Supreme Court annulled re-

spondent's determination, stating that Peartree had intentionally "entered into a prohibited enterprise" and had "created and contributed to his own hardship". This appeal by respondent and Peartree ensued. We affirm.

Hardship is self-created where the applicant for a variance acquired the property subject to the restrictions from which he seeks relief (see, *Matter of Romanelli v Bonvouloir,* 102 AD2d 872). Even if a prospective purchaser of property does not have the actual knowledge of the applicable provisions of an ordinance, he is bound by them and by the facts and circumstances concerning the use of the property which he may learn by exercising reasonable diligence (see, *Matter of Paplow v Minsker,* 43 AD2d 122, 124). Here, Peartree chose to consummate the purchase of the subject property despite his knowledge that the area where the garage was located was zoned R-2, single-family residential, and that the building inspector had twice denied applications for permits. He was also aware that a court proceeding challenging his right to a variance was pending. In short, rather than waiting for a resolution of the problem by Supreme Court, which he knew would be shortly forthcoming, Peartree engaged in an effort to complete the transaction before the court's decision and then attempted to use the doctrine of vested rights to prevail (see, *Shumaker v Town of Cortlandt,* 124 AD2d 129, *appeal dismissed* 69 NY2d 984, *lv denied* 70 NY2d 603).

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.