■ In the Matter of DAVID C. EGER, Respondent, v ERWIN LEVINE et al., Constituting the Zoning Board of Appeals of the City of Saratoga Springs, Appellants.—Mahoney, P. J., Appeal from a judgment of the Supreme Court (Brown, J.), entered August 31, 1988 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination denying petitioner's request for a use variance.

Petitioner owns a four-family dwelling in the City of Saratoga Springs, Saratoga County. Petitioner's request to the City Building Inspector for a certificate of occupancy was refused on the ground that a four-unit dwelling is not permitted in an R-3 zone where the building is located. Petitioner appealed to respondents, claiming that the building was a nonconforming use because there were four apartments at the time of the effective date of the applicable zoning ordinance. This position was supported by unsworn letters from residents in the area and refuted only by the Building Inspector's reference to unspecified city records indicating that there were only three apartments in the building at the appropriate time. Petitioner also testified as to his economic hardship if only three apartments were allowed. Respondents denied petitioner's appeal because he failed to demonstrate sufficient financial hardship. Petitioner then commenced this CPLR article 78 proceeding to challenge respondents' determination. Supreme Court concluded that petitioner established a nonconforming use and annulled respondents' determination. Respondents appeal.

As Supreme Court noted, respondents failed to pass explicitly on petitioner's contention that the building constituted a nonconforming use. Respondents did not specifically reject petitioner's proof supporting his contention and we agree with Supreme Court that these letters were sufficient to establish petitioner's position. The Building Inspector's reference to unspecified records in an attempt to refute petitioner's proof is

too vague and uncertain to be given credence. We further find no merit to respondents' contention that the record is insufficient to make a determination. Regardless of petitioner's showing of economic hardship, we agree with Supreme Court that petitioner established a preexisting nonconforming use. Accordingly, respondents' failure to grant petitioner the relief sought was irrational so that Supreme Court properly granted the petition (see, e.g., *Matter of Howes v Langendorfer*, 137 AD2d 960).

Judgment affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.