■ In the Matter of CHARLES BULLOCK et al., Respondents, v ZONING BOARD OF THE VILLAGE OF NYACK, Appellant.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Cowhey, J.), entered October 18, 1989 in Rockland County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioners' request for an area variance.

Petitioners filed an application with respondent for a variance from the off-site parking requirements triggered by their desired use of the second floor of property located at 91 Main Street in the Village of Nyack, Rockland County, which they wished to transform into a lounge and dance hall to be used three nights a week. Petitioners are lessees of three floors of the building in question. Under the lease the first floor was to continue to be used as a restaurant, the second floor was to be a lounge and dance hall and the third floor was to be used for residential apartments. The lease was conditioned on petitioners receiving approval for the specified uses from the appropriate authorities.

At the first hearing before respondent, petitioners presented Thomas Martin, a real estate expert, who rendered an opinion that the only reasonable use of the second floor would be as an adjunct to the downstairs bar because of the wide access stairway integrating it with the second floor as well as fire exit problems for the second and third floors. He estimated that renovation of the second floor for alternate purposes would cost approximately $100,000. Additionally, in the application to respondent, petitioners claimed that restricted use of the premises after 6:00 P.M. on weekends would not cause undue parking problems because other businesses are closed then and parking is more available. Petitioner Charles Bullock also stated that an attempt to rent off-street parking was to no avail, that denial of the variance would be economically disastrous to him and that use of the second floor for retail or residential use would not be profitable.

At a subsequent hearing, real estate expert William Beckman was called on behalf of respondent. He stated, relying on a written report of James Yarmus, an engineer, that the

property could be used for retail, office or residential space. Respondent accepted the Yarmus report, dated December 16, 1988, which was indicated as being preliminary and nonfinal. The report estimated that only $21,000 would be needed to separate the second and third floors while $42,000 would be needed to put in a lounge and dance floor, the difference being ascribed mostly to the incorporation of a sprinkler system in the second use.

The Zoning Ordinance of the Town of Nyack (art VI, § 59-30 [A]) requires one parking space for each three seats or one for each 100 square feet of gross floor area, whichever is greater. In denying the variance, respondent made the following findings: that the variance related to 22 parking places, that the property at 91 Main Street did not accommodate parking, that the second floor had been previously used for retail use, that it was not so used for more than a year, that the nonuse constituted an abandonment, that the lease became null and void if the lessee was unable to obtain approval for the alteration of the premises, that the use was contemplated for Friday through Sunday, that petitioners' contention that they would be economically injured if the variance was not granted was not supported in the record, that the difficulty of petitioners was self-created, and that the public interest outweighed petitioners' practical difficulties.

Petitioners then commenced this proceeding arguing that respondent's action in denying the application was arbitrary and capricious. Supreme Court granted the requested relief and this appeal by respondent ensued. Essentially, Supreme Court reexamined the record and came to different factual conclusions than respondent. The court found the opinions of Beckman to be conclusory and speculative. Further, the court found that respondent relied on the December 16, 1988 report from Yarmus and noted that a copy of another report from him, dated December 14, 1988, contained additional information with a concluding recommendation of the benefits of granting the variance conditionally by limiting occupancy to the same number of persons currently permissible for other uses. The court found that denial would cause significant injury to petitioners. It found that there were no viable alternative uses for the second floor and that petitioners were harmed by not having accessible to them the December 14, 1988 draft of Yarmus' report which was more favorable to them. Finally, the court found that petitioners were harmed because they had no opportunity to cross-examine Yarmus, who did not appear at the hearing.

Supreme Court was bound to limit its judicial review to whether the action taken by respondent was illegal, arbitrary or an abuse of discretion *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 138, *affd* 67 NY2d 702). Respondent's determination must have a rational basis and be supported by substantial evidence *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598). It is the applicant seeking an area variance who has the burden of proof of showing that strict compliance with the zoning law will cause practical difficulties *(Matter of Consolidated Edison Co. v Hoffman, supra,* at 606). The basic inquiry at all times is whether strict application of the ordinance in a given case will serve a valid public purpose which outweighs the injury to the property owner *(see, Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449).

The factors to be considered in granting a variance include the significance of the economic injury, the magnitude of the zoning variance, whether the difficulty is self-created and whether the difficulty could be avoided by some other means besides the variance. Although none of the factors are controlling, all should be considered in the context of an application for a variance *(Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139-140). Here, Supreme Court could not substitute its factual determination for that of respondent *(see, Shell Cr. Sailing Club v Board of Zoning Appeals,* 20 NY2d 841, 842).

Applying the relevant legal criteria to the issue at hand, the record reveals that respondent considered the applicable relevant factors and concluded that the public good served by strict application of the ordinance outweighed the alleged injury to the economic interest of petitioners. In our view, Supreme Court improperly substituted its factual determinations for respondent's factual determinations *(see, Shell Cr. Sailing Club v Board of Zoning Appeals, supra,* at 842). Supreme Court thus improperly annulled respondent's denial of the zoning variance.

One other issue remains to be addressed, i.e., the significance of the December 14, 1988 report of Yarmus which was not before respondent vis-à-vis his December 16, 1988 report which was considered by respondent. Respondent had ordered Yarmus to prepare a report to assist it in its determination. Petitioners have interpreted the December 14, 1988 report as being more favorable to them in that Yarmus opined there that the variance should be granted because the integration of a sprinkler system would add a safety factor to the building. On balance, however, we do not consider its absence to be

significant. The additional opinion contained in the December 14, 1988 report was irrelevant because Yarmus was retained to advise on construction costs and not to offer opinions on the resolution of the issue before respondent.

In conclusion, Supreme Court erred in reanalyzing the facts and substituting its own findings based thereon and, also, in considering the December 14, 1988 report which was not before respondent and was extraneous of the record.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.