■ In the Matter of DELTON COURTNEY, Appellant, v CITY OF ALBANY BOARD OF ZONING APPEALS, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 4, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a use variance.

In August 1989, petitioner purchased a house in the City of Albany that was divided into five apartments. The area in which the house is located is zoned for one and two family dwellings. Petitioner admits that he was aware of the zoning requirements at the time of the purchase, but claims that he was under the impression that the five-unit structure was a preexisting use that could be continued. Despite this claim, however, petitioner failed to establish at the hearing before respondent that the use predated the 1968 zoning ordinance of the City. This hearing was prompted by the notice sent to petitioner by the City informing him of the zoning violation, in response to which petitioner applied for a use variance. After the hearing, respondent denied petitioner's application and petitioner commenced this CPLR article 78 proceeding to annul respondent's determination. Supreme Court dismissed the petition and petitioner appeals.

In order to obtain a use variance, petitioner was required to show unnecessary hardship by demonstrating that the property cannot provide a reasonable return as currently zoned, that the hardship results from unique characteristics of the parcel and that the proposed use will not alter the character of the neighborhood (see, Matter of Village Bd. v Jarrold, 53 NY2d 254, 257; Matter of Otto v Steinhilber, 282 NY 71, 75). Even if the hardship is found, a use variance will not be granted if the hardship is self-imposed (Matter of Clark v Board of Zoning Appeals, 301 NY 86, cert denied 340 US 933). Petitioner failed to demonstrate these requirements before respondent. As to petitioner's claim that his hardship was not self-imposed because he was reasonably diligent in researching the zoning and prior use of the property (cf., Matter of Paplow

*v Minsker,* 43 AD2d 122), we find it to be without merit inasmuch as petitioner admitted purchasing the property with knowledge of the zoning *(see, Matter of Howes v Langendorfer,* 137 AD2d 960, 962).

In the circumstances, the decision of respondent was neither arbitrary nor an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). The judgment of Supreme Court dismissing petitioner's application should therefore be affirmed.

Mahoney, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.