In the Matter of JOSEPH K. FISCHLIN, Appellant, v BOARD OF APPEALS OF TOWN OF PHILIPSTOWN et al., Respondents.

Third Department, February 13, 1992

**APPEARANCES OF COUNSEL**

*Walter I. Seligsohn* for appellant.

*Richard I. Goldsand* for respondents.

**OPINION OF THE COURT**

CASEY, J.

Petitioner owns a parcel of land consisting of approximately 19.7 acres, most of which is located in a single-family residential district in the Town of Philipstown, Putnam County. A right-of-way, which provides access for petitioner and a neighboring lot, crosses petitioner's property. Most of petitioner's land and his residence are located to the east and south of the right-of-way. An irregularly shaped, unimproved portion of the land, consisting of approximately two acres, lies to the west of the right-of-way. Petitioner seeks to subdivide his land along the natural boundary created by the right-of-way.

It is undisputed that the smaller parcel exceeds the area and frontage requirements of the zoning ordinance, and the setback requirements for a house constructed on the parcel can be met. An additional restriction in the ordinance, which requires that any lot be of such a shape as to accommodate within its boundaries a 200-foot-by-200-foot square, cannot be met. The largest square that the two-acre parcel will accommodate is one which measures slightly less than 173 feet on each side. The zoning ordinance provides that "[t]he size of the square may be reduced subject to securing a Special Use Permit from the Board of Appeals providing all other standards are maintained".

Petitioner duly applied for a special use permit and an area variance reducing the size of the square for the smaller of the two lots to be created by the proposed subdivision. After a hearing, respondent Board of Appeals of Town of Philipstown (hereinafter the Board) denied petitioner's application, finding that any construction on the smaller parcel would impair the neighbor's view, that all restrictions were in effect when petitioner bought the property, thereby precluding petitioner from using them to show that denial of his application would deny him a reasonable use of his land, and that petitioner has ample land east and south of the right-of-way to create a conforming lot. Petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action to challenge both the Board's denial of his application and the validity of the 200-foot square restriction. Supreme Court found substantial evidence in the record to show that the proposed use of the smaller parcel as a residential building lot would have a detrimental effect on the neighbor's property value. Citing to the zoning ordinance provision which directs that the impact on neighboring properties is a factor to be considered on an application for a special use permit, Supreme Court held that the Board's denial of petitioner's application had a rational basis. Supreme Court refused to reach the issue of the validity of the zoning ordinance provision, concluding that a CPLR article 78 proceeding was not "the appropriate vehicle to raise such issues". Petitioner appeals.

■ The judgment must be reversed. In the absence of any finding in the Board's determination that the *value* of the neighbor's property would be impaired, it is apparent that Supreme Court erred in using that impairment as the rational basis for confirming the determination *(see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593). In any event, Supreme Court erred in reviewing the determination on the basis of the guidelines in the zoning ordinance applicable to special use permits, and it is unclear from the Board's determination whether the Board committed a similar error. Although the zoning ordinance refers to the securing of a special use permit to allow a reduction in the size of the required square which must be accommodated by a building lot, we are of the view that what is actually required is an area variance. A special permit validates a use which is permitted by the zoning ordinance, subject to prior approval of a board of zoning appeals (2 Anderson, New York Zoning Law

and Practice § 23.03, at 161 [3d ed]; *see, Matter of North Shore Equities v Fritts,* 81 AD2d 985). The use to which petitioner seeks to put the property, single-family residential, is an absolutely permitted use under the zoning ordinance. Because the variance sought by petitioner here does not involve a use that is either prohibited by the zoning ordinance or permitted with prior approval of the Board, it should be characterized as an area variance *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 441).

In contrast to the standard for obtaining a special use permit, which requires an applicant to establish compliance with the conditions set forth in the zoning ordinance *(Matter of Samek v Zoning Bd. of Appeals,* 162 AD2d 926) and allows denial upon "specific, reasonable grounds (supported by evidence) for concluding that the use, though permitted, is not desirable at the particular location" *(Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 109 AD2d 164, 166, *affd* 66 NY2d 893), the standard to be employed in considering a request for an area variance is "whether strict compliance with the zoning ordinance will result in practical difficulties" *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). In determining an application for an area variance, the magnitude of the requested variance is a relevant factor *(Matter of National Merritt v Weist, supra,* at 443), as are the guidelines for an area variance set forth in the zoning ordinance *(Matter of Carlozzi v Barlow,* 120 AD2d 20, 22). Petitioner's application to the Board sought both a special use permit and an area variance.

Although the Board referred to the request as one for an area variance in denying petitioner's application, it is unclear whether the Board applied the appropriate standard for an area variance instead of the standard relevant to a special use permit. Equally important is the absence of any factual findings in the determination which would support the denial of an area variance *(see, supra).* Because of these deficiencies, and because it is not clear from the record that petitioner is entitled to an area variance as a matter of law, we conclude that the appropriate remedy is to annul the determination and remit the matter to the Board for a new determination, based upon the proper standard for an area variance and upon relevant factual findings supported by evidence in the record *(see, Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278, 283-284).

To assist the Board upon remittal, we note that "the significance of the economic injury, the magnitude of the zoning variance, whether the difficulty is self-created and whether the difficulty could be avoided by some other means besides the variance" are all factors to be considered, with no one factor controlling the outcome *(Matter of Bullock v Zoning Bd.,* 168 AD2d 730, 732). We also note that if significant economic injury is shown, the municipality bears the burden of going forward with proof that the restriction is reasonably related to a legitimate exercise of the zoning power, and the degree of difficulty in meeting this burden depends upon the magnitude of the requested variance *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 441, *supra; Matter of Carlozzi v Barlow,* 120 AD2d 20, 22-23, *supra).*

█ As to petitioner's constitutional challenge to the validity of the 200-foot square restriction in the ordinance, this proceeding was commenced as a combined proceeding/action, seeking both CPLR article 78 relief and declaratory relief. Accordingly, after denying petitioner's request for CPLR article 78 relief on the merits, Supreme Court erred in refusing to consider the request for declaratory relief upon the ground that petitioner had not used "the appropriate vehicle". Nevertheless, in view of our remittal to the Board, we need not reach petitioner's constitutional challenge, which will be rendered moot if he is granted an area variance.

MIKOLL, J. P., YESAWICH JR., LEVINE and CREW III, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, determination annulled and matter remitted to respondent Board of Appeals of Town of Philipstown for further proceedings not inconsistent with this court's decision.