■ In the Matter of CATHOLIC CHARITIES OF THE ROMAN CATHOLIC DIOCESE OF SYRACUSE, Respondent, v ZONING BOARD OF APPEALS OF THE CITY OF NORWICH et al., Appellants. JAMES N. PALIK et al., Proposed Intervenors-Appellants.—Mikoll, J. P. Appeals (1) from a judgment of the Supreme Court (Smyk, J.), entered July 18, 1991 in Chenango County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul a determination of respondent Zoning Board of Appeals of the City of Norwich denying petitioner's request that the use of its premises be classified as not-for-profit, and (2) from an order of said court, entered July 18, 1991 in Chenango County, which denied the proposed intervenors' motion to intervene.

The issues to be resolved are whether (1) Supreme Court erred in holding that the use of premises by petitioner as the Chenango County Administrative Office for Catholic Charities of the Diocese of Syracuse was a permitted use under the zoning category of "Church-Non-Profit", and (2) Supreme

Court abused its discretion in denying the proposed intervenors the opportunity to intervene in the proceeding.

The building in question is located in the City of Norwich, Chenango County, and had been formerly owned by St. Paul's Roman Catholic Church and utilized by it as a convent for nuns in connection with the parish's parochial school. Since 1984, petitioner has utilized the premises for its various administrative offices. The building consists of approximately 15 rooms and is currently divided into counseling rooms for clients of the various assistance programs offered by petitioner; 11 rooms are used for counseling or as conference rooms. The building also houses offices for administrators of domestic violence, crime victims and community residence programs.

Petitioner, after purchasing the building from St. Paul's in April 1990, applied for a certificate of occupancy from the City for its present use which was denied. Petitioner appealed to respondent Zoning Board of Appeals (hereinafter the ZBA) for an interpretation as to whether petitioner's use of the premises fell under the category of "Church-Non-Profit", which is a permitted use under the City's zoning ordinance in an R-1 zone. The ZBA disapproved petitioner's use of the premises as "Church-Non-Profit", finding that petitioner's use would be an intrusive contradiction to the definition of "R-1 Residential District" as defined by the zoning ordinance. Following commencement of this CPLR article 78 proceeding Supreme Court reversed, determining, inter alia, that the ZBA was in error and annulling its determination.

Respondents urge that the present use of the property impinges negatively on the residential nature of the neighborhood because of the more intensive use of the property. Respondents argue that the ZBA's interpretation of "Church-Non-Profit" was reasonable and rationally related to protecting the integrity of the single-family neighborhood, and that a reasonable amount of discretion should be accorded to the decision of ZBA.

Being in derogation of the common law, zoning ordinances must be strictly construed against the enacting and enforcing municipality *(Thomson Indus. v Incorporated Vil. of Port Washington N.,* 27 NY2d 537, 539). Any ambiguity in the language used in such ordinances must be resolved in favor of the property owner *(Matter of Allen v Adami,* 39 NY2d 275, 277; *Matter of Turiano v Gilchrist,* 8 AD2d 953, 954). All words used in a statute should be given import and reconciled if possible.

It is not contested that the functions of petitioner are nonprofit. Its relationship with the Catholic Church is also clearly reflected in its incorporation as a Special Acts Corporation, wherein its relationship with the church and control by the Catholic Church is recognized. Its mission statement also reflects its church-related status. The Catholic Bishop controls both St. Paul's Church and petitioner's activity being conducted on premises adjoining St. Paul's Church. The hearing before the ZBA supports these conclusions. The City's zoning ordinance permitted the following uses in an R-1 zone: single-family dwelling, private school/library, parks, playground and Church-Non-Profit. Other uses are also permitted upon grant of a special use permit. These include two-family dwellings, hospital, sanitarium/rest home and essential public services.

The use of the building by petitioner thus obviously falls into the category of Church-Non-Profit, a permitted use. R-1 zones include, as a permitted use, a church and its ancillary religious uses, but is further expanded by the term "Non-Profit" as used in conjunction with the term "Church". We concur with Supreme Court that the modifying term includes a nonprofit use of the premises when related to a church. The record amply sustains such permitted use at the building.

On the question of the denial of the request to intervene made by James N. Palik and Marilyn K. Palik, owners of nearby property, we concur with Supreme Court's decision. The interpretation of the statutory import of the zoning ordinance and whether petitioner's use is a permitted use is a question of law. The issues sought to be raised by proposed intervenors, such as increased traffic and decline in property values, are not germane to that issue. The proposed intervenors' right to intervene has not been established.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment and order are affirmed, without costs.