◼ In the Matter of JOSEPH HUGHES, Respondent, v ZONING BOARD OF APPEALS OF THE VILLAGE OF CASTLETON, Appellant. [594 NYS2d 416] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Travers, J.), entered October 1, 1991 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination denying petitioner's request for a certificate of compliance with the Village of Castleton Zoning Law.

Petitioner is the owner of a parcel of land containing a three-story building formerly used as a church, which he is converting into 12 apartments with four on each floor. The property is located in an area zoned as a mixed use district at 35 South Main Street in the Village of Castleton, Rensselaer County. Petitioner obtained final site plan approval from the Village's Planning Board and approval from the Village's Historic Commission. As required by the Village's Zoning Law, petitioner then applied for a certificate of compliance with the Village's Zoning Law from the Village's Code Enforcement Officer (hereinafter the Code Officer). The Code Officer denied petitioner's application, ruling that "the proposed multifamily residential use, due to the significant number of units involved, would not promote those purposes listed for the Mixed Use District". Upon petitioner's appeal to respondent, a hearing was held and respondent determined that, inter alia, the building, "when used as a place of worship, had little impact on commercial operations in the Mixed Use District" and that "[c]onversion of [it] to a 12 unit

apartment facility will significantly increase both pedestrian and vehicular congestion in the area".

Petitioner brought this CPLR article 78 proceeding seeking to annul respondent's determination and to direct the Code Officer to issue the certificate of compliance. Ruling that petitioner's proposed use of the building was in compliance with the express language of Village Zoning Law article II (B) (2), Supreme Court annulled respondent's determination and directed the Code Officer to issue the certificate of compliance to petitioner forthwith. This appeal ensued.

The judgment of Supreme Court should be affirmed. Petitioner's argument that respondent's determination was irrational because it was based on the proportion or ratio of commercial uses to residential uses, a formula not required or specified by the Village Zoning Law, has merit.

It is axiomatic that "[a] zoning board determination should not be set aside unless there is a showing of illegality, arbitrariness or abuse of discretion" *(Matter of Fuhst v Foley,* 45 NY2d 441, 444; *see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). The provision in dispute, Village Zoning Law article II (B) (2), reads as follows: *"Mixed Use District* The purposes of the Mixed Use District are: to promote the traditional role of Downstreet as a focus for residential, commercial, governmental and social activity by providing for a mixture of land uses; to promote pedestrian use of Downstreet in order to enhance the use of the Downstreet area as the center of community activity; to promote the physical and economic revitalization of Downstreet; to promote retail sales and attract visitors; and to encourage energy conservation by placing residences close to goods and services. The Mixed Use District provisions intend to accomplish these purposes by encouraging and providing for a vertical mix of uses within structures." Assigning the language used in Village Zoning Law article I (C) (7) and article II (B) (2) its plain meaning and giving effect to the legislative intent in enacting these provisions *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 92), i.e., to "advance" the purposes expressed therein and not to prescribe them, respondent's denial of the certificate of compliance based on the conclusion that placing a 12-unit residential facility in the mixed use district would be contrary to the intent of the Village Zoning Law was arbitrary.

Further, respondent's comparison of the residential versus the commercial (or nonresidential) use of structures in the mixed use district is faulty. Respondent found that if the

conversion of petitioner's building were permitted, the residential versus the nonresidential use in the mixed use district would respectively go from 52% versus 48% when the Village Zoning Law was adopted to 68% residential versus 32% commercial, resulting "in a great leap being taken toward changing the whole character of the Mixed Use District to a residential district". Although the historical maintenance of the ratio existing at the time the Zoning Law provision in question went into effect would indicate an intent to interpret the Zoning Law as requiring maintenance of that historical ratio, that ratio has not been maintained here. The record demonstrates that the ratio of residential to nonresidential uses increased from 52% to 48%, respectively, in 1984 to 61% to 39%, respectively, in 1990. The addition of the 12 residential units would merely raise the percentage of residential units to 68% and there was no evidence that the 12 new units would frustrate the specified purposes of the mixed use district. Accordingly, respondent's determination, grounded solely on such ratio which has not been historically maintained, lacks rationality and is not supported by substantial evidence.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.