■ In the Matter of Thomas F. Hanson, Appellant, v Robert F. Valenty et al., Constituting the Zoning Board of Appeals of the Village of Nassau, Respondents. [603 NYS2d 98] —White, J. Appeal from a judgment of the Supreme Court (Travers, J.), entered November 30, 1992 in Rensselaer County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Village of Nassau denying petitioner's request for an area variance.

On January 2, 1990, petitioner obtained a building permit from the Village of Nassau allowing him to demolish a portion of a preexisting nonconforming structure on his property in Rensselaer County and to replace it with a new structure. After petitioner commenced construction, the Building Inspector issued a stop work order upon being advised by the Village Attorney that an area variance was required for petitioner's project. The Village's Zoning Board of Appeals denied petitioner's application on the ground, *inter alia,* that he did not meet the zoning ordinance's "test requirements" which establish an "unnecessary hardship" standard for the issuance of a variance (Village of Nassau Zoning Ordinance § 120-104 [C]). Petitioner then commenced this CPLR article 78 proceeding to annul the Board's determination. Supreme Court dismissed the petition on the ground that petitioner had not established "practical difficulty".

Supreme Court's role in reviewing zoning board determinations is limited to ascertaining whether the determination has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). This necessarily

requires the zoning board to set forth in its determination the evidence it relied upon in reaching its conclusions *(Matter of Bowers v Aron,* 142 AD2d 32, 36). Here, the Board's determination is entirely conclusory with no attempt to correlate the evidence in the record to the standards set forth in the zoning ordinance, or to indicate what evidence the Board acted upon in reaching its conclusion. Therefore, we agree with petitioner that Supreme Court should have remitted this matter to the Board for appropriate action to cure the defects in its determination.

On remittal, the Board should also consider whether the zoning ordinance's requirement that an area variance may only be granted upon proof of unnecessary hardship is valid *(see, Gregory v Town of Cambria,* 69 NY2d 655, 656).

Yesawich Jr., J. P., Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.