■ In the Matter of Moody Hill Farms, Inc., Respondent, v Zoning Board of Appeals of the Town of North East, Appellant, et al., Respondents. [605 NYS2d 560] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Jiudice, J.), entered October 29, 1991 in Dutchess County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the Town of North East ruling that petitioner's commercial composting operation was not a permitted agricultural activity.

In early 1988, petitioner applied for and received separate building permits to erect two structures on its property in the Town of North East, Dutchess County. The area in which petitioner's property is located is designated as an A5A agricultural district and petitioner represented, in the respective applications, that the property was being used for agricultural purposes. Thereafter, and in apparent response to complaints brought by neighboring property owners, petitioner was issued a cease and desist order by the Town of North East Zoning Enforcement Officer (hereinafter ZEO) alleging that petitioner was conducting a commercial composting operation in violation of the Town's zoning ordinance. Petitioner appealed the cease and desist order to respondent Zoning Board of Appeals of the Town of North East (hereinafter the Board) arguing, *inter alia,* that composting was an inherently agricultural activity. Thereafter, the Board held public hearings on this matter, received and reviewed documentary evidence regarding the nature of petitioner's operation and conducted an onsite inspection of petitioner's property. After due deliberation, the Board upheld the ZEO's initial decision, finding that petitioner indeed was engaged in a commercial composting operation and that such activity was not permitted in an A5A agricultural zone. Petitioner then commenced this CPLR article 78 proceeding to annul the Board's determination. Supreme Court granted the petition finding, *inter alia,* that "composting falls within the realm of agricultural activity" and, hence, petitioner's operation constituted a permitted use in an A5A zone. This appeal by the Board followed.*

Initially, we reject petitioner's assertion that the Board lacks the authority to undertake this appeal. While it is true that a zoning board acting as a judicial or quasi-judicial body in hearing appeals from the determinations of town officers cannot appeal from an annulment of its own determination *(see, Matter of Commco, Inc. v Amelkin,* 62 NY2d 260, 266, n 1), the record here indicates that the Board was acting in an administrative capacity in reviewing, interpreting and determining the scope of the Town's zoning ordinance and, hence, may properly bring this appeal *(see, supra,* at 266).

Turning to the merits, it is well settled that a determination rendered by a local zoning board should not be set aside unless there is a clear showing of illegality, arbitrariness or

---

* Respondents Citizens for North East, Inc. and Elizabeth L. Klippel, who were permitted to intervene in this matter and filed a notice of appeal, have withdrawn their appeal.

an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Fiore v Zoning Bd. of Appeals, 21 NY2d 393, 396; Matter of Hughes v Zoning Bd. of Appeals, 191 AD2d 784, 785). Indeed, a reviewing court's inquiry is limited to ascertaining whether the determination at issue has a rational basis and is supported by substantial evidence (see, Matter of Hanson v Valenty, 198 AD2d 598; Matter of Bullock v Zoning Bd., 168 AD2d 730, 732).

Here, contrary to Supreme Court's findings, the record supports the Board's determination that petitioner was engaged in a commercial composting business and, further, that such activity was not a permitted use in an A5A agricultural district. Initially, we note that manure removal and disposal and/or commercial composting are not listed in the relevant section of the Town's zoning ordinance as permitted uses in an A5A district (see, Incorporated Vil. of Old Westbury v Alljay Farms, 100 AD2d 574, 575, mod on other grounds 64 NY2d 798 [ordinance which lists permitted uses excludes any uses that are not listed]). We are similarly persuaded that the Board could, given the facts of this case, rationally reject petitioner's assertion that composting was an agricultural activity. Agriculture is defined under the Town's zoning ordinance as "the production of crops or plants or vines and trees" (Town of North East Code § 98.5). Although petitioner asserts that compost may be deemed a crop, the record supports the Board's finding to the contrary.

We are also of the view that the Board could rationally conclude that petitioner's composting activities were not incidental to its alleged agricultural endeavors. Although petitioner's president averred that the primary use of petitioner's land was to grow organic crops and that the composting activities were merely incidental to such use, the record before us fails to substantiate this claim (compare, Gaspari v Board of Adj., 392 Pa 7, 139 A2d 544 [composting activity of accessory and incidental to farmer's growing of mushrooms for sale]). Indeed, there is no evidence in the record, save this conclusory assertion, that petitioner was in fact engaged in growing organic crops, and the Board's on-site inspection of petitioner's property revealed that petitioner essentially was conducting a commercial composting business (cf., Matter of Town of Sullivan v Strauss, 171 AD2d 980). Accordingly, Supreme Court's judgment should be reversed and the petition dismissed. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Weiss, P. J., Cardona, White and Casey, JJ., concur. Or-

dered that the judgment is reversed, on the law, without costs, and petition dismissed.