■ In the Matter of AJIT S. KHANUJA, Appellant, v JULIE DENISON, as Chairperson of the Zoning Board of Appeals of the City of Albany, et al., Respondents. [610 NYS2d 364] —White, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered August 16, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the City of Albany denying petitioner's request for a use variance.

This CPLR article 78 proceeding involves a row of six apartment buildings originally constructed to contain three dwelling units each. The apartments were built prior to the enactment of the City of Albany's Zoning Ordinance in May 1968 and are now located in a R-2 zoning district, in which buildings with more than two dwelling units are not permitted. Petitioner and his former partner purchased the apartments in November 1985 at which time the number of dwelling units had apparently been increased to 27. At the time of the purchase, petitioner obtained a letter, dated November 1, 1985, from the Director of the City Planning Board stating "that the [subject] properties now used as multi-family apartment houses are a legal non-conforming use". He was later advised by City officials that the preexisting non-conforming use was limited to 18 units.

On November 14, 1991, petitioner bought out his partner and, on November 10, 1992, petitioner applied for building permits to increase the number of permitted units to 21. The application was denied by respondent Commissioner of the City's Building Department. Whereupon, petitioner applied to respondent Zoning Board of Appeals (hereinafter the ZBA) for a use variance. Following a public hearing, the ZBA denied the application on the ground that petitioner failed to demonstrate that the property could not be reasonably used as an 18-unit apartment complex. It further found that petitioner's claimed economic hardship was self-created.

Petitioner then brought this proceeding seeking to annul

the ZBA's determination and directing the Commissioner to issue the requested building permits. Supreme Court dismissed the petition, finding that the ZBA's determination was not arbitrary or capricious and was supported by substantial evidence. This appeal ensued.

Our role in reviewing zoning determinations is limited to determining whether the action taken by the zoning board was illegal, arbitrary or an abuse of discretion, and whether it had a rational basis and was supported by substantial evidence (see, Matter of Hanson v Valenty, 198 AD2d 598; Matter of Hughes v Zoning Bd. of Appeals, 191 AD2d 784, 785).

Initially, the parties raised a peripheral issue regarding the November 1, 1985 letter authored by the Director of the City Planning Board. Petitioner contends that this letter is an acknowledgment that the nonconforming use extended to 27 units because that was the number of units contained in the apartment buildings when the letter was written. The ZBA disagreed, finding that the letter only indicated that a nonconforming use existed without any indication of its extent. We find that the ZBA's interpretation is reasonable given that the letter does not specify the number of units. In any event, petitioner's request for a variance is a tacit admission that the nonconforming use is limited to 18 units for, otherwise, he would not have had to apply for a variance.

It is well established that to obtain a use variance, an applicant must show, inter alia, unnecessary hardship which, in this instance, requires "dollars and cents" proof that the subject property could not yield a reasonable return if used for an 18-unit apartment complex or for any permitted use in a R-2 zoning district (see, Matter of Crossroads Recreation v Broz, 4 NY2d 39, 44; Matter of Drake v Zoning Bd. of Appeals, 183 AD2d 1031). Here, the only proof adduced was income and expense statements purportedly showing that an 18-unit apartment complex will not yield a reasonable return. No proof was presented on the issue of whether the permitted uses in a R-2 zone would yield a reasonable return. Moreover, petitioner's proof consisted of raw data without any analysis showing that the rents and income were reasonable and that petitioner's alleged financial loss is attributable to the zoning ordinance and not to an unwise investment. Thus, we conclude that the ZBA's finding that petitioner did not establish unnecessary hardship is rational and is supported by substantial evidence (see, Matter of Courtney v City of Albany Bd. of Zoning Appeals, 177 AD2d 820).

We further conclude that the ZBA's finding that petitioner's hardship was self-created must be sustained because the record discloses that he knew the apartment complex was a nonconforming use when he purchased it *(see, Matter of Tharp v Zoning Bd. of Appeals,* 138 AD2d 906, 907; *compare, Matter of Eung Lim-Kim v Zoning Bd. of Appeals,* 185 AD2d 346).

For these reasons, we affirm Supreme Court's judgment.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.