■ In the Matter of CAPITAL CITY RESCUE MISSION, Appellant, v CITY OF ALBANY BOARD OF ZONING APPEALS, Respondent. [652 NYS2d 388] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered April 30, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a building permit.

Petitioner is a not-for-profit corporation which operates a rescue mission for disadvantaged citizens in the City of Albany. In August 1995, it applied for a building permit to construct a 23,550 square-foot, two-story facility. The proposed use included, *inter alia*, classrooms, two kitchens, a clothing distribution center, staff bedrooms, a check-in area, space for "transient" uses and space for "residents". An 843 square-foot chapel was also included in the plans. Although petitioner contended that the facility's activities qualified for treatment as a "house of worship/charitable or religious institution", it was determined that a special use permit was required as the facility was deemed to be a "rooming house". On administrative appeal, respondent upheld the determination. Respondent concluded that while the plans included a chapel and other uses customary to a house of worship, considering "the entire scope of the project * * * it [did] not qualify simply as a house of worship" under the City's zoning ordinance. Petitioner commenced this proceeding seeking to annul respondent's determination. Supreme Court dismissed the petition and petitioner has appealed.

Based on the record before us, we agree with petitioner that respondent's decision must be annulled. It is true that a court may set aside a zoning board decision only where it is found to be illegal, arbitrary or an abuse of discretion (*see, Matter of Khanuja v Denison*, 203 AD2d 679), and that as long as the decision has a rational basis and is supported by substantial evidence it will not be disturbed (*see, Matter of Hanson v Valenty*, 198 AD2d 598). Nevertheless, given the record before us in this case, we find that respondent's determination was in error. The City zoning ordinance defines a "house of worship" as "a structure or part of a structure used for worship or religious ceremonies" (Zoning Ordinance of City of Albany § 27-202). A "charitable or religious institution" is defined as "the head-

quarters, offices or facility from which a not for profit charitable or religious organization conducts its business in service to the community" (*id.*). A "rooming house" is defined as a "building containing a single dwelling unit and rooms for the rooming and/or boarding of at least three (3) persons, but not more than twenty-five (25) persons by prearrangement for definite periods of not less than one (1) week" (*id.*). Unlike houses of worship or charitable institutions, rooming houses require a special use permit.

In denying petitioner's request for the building permit, respondent concluded that the proposed facility was not a house of worship. In so doing, it relied on the fact that virtually the entire second floor of the facility was to be used for transients or residents and determined that such a use appeared to at least "closely resemble" a rooming house. Respondent did not address the issue of whether the proposed facility fits within the definition of a charitable or religious institution. In concluding that respondent's decision was in error, we note that because zoning ordinances are in derogation of the common law, they are to be strictly construed against the municipality (*see, Thomson Indus. v Incorporated Vil. of Port Washington N.*, 27 NY2d 537, 539). An ambiguity in the language used is to be resolved in the property owner's favor (*see, Matter of Allen v Adami*, 39 NY2d 275, 277). In addition, courts have been flexible in interpreting religious uses under local zoning ordinances (*see, Matter of Yeshiva & Mesivta Toras Chaim v Rose*, 136 AD2d 710, 711).

Here, it is not disputed that petitioner's functions are not for profit. Its mission statement also reflects its religious status. The proposed uses of the facility include providing food, clothing, shelter, counseling, medical care, educational training and spiritual guidance to disadvantaged individuals. Even if we accepted respondent's conclusion that these activities did not fall within the definition of a house of worship, we fail to see how they do not comport with the definition of a religious or charitable institution. Indeed, respondent never addressed this issue in its decision, although it was clearly raised by petitioner (*see, Matter of Eger v Levine*, 153 AD2d 998).

Further, as petitioner points out, the proposed facility does not fall within the definition of a rooming house. In fact, respondent concedes this point. Although respondent is correct in noting that as the agency responsible for administering the zoning ordinance its interpretation will be upheld if not irrational or unreasonable (*see, Matter of Albert v Board of Stds. & Appeals*, 89 AD2d 960), here it is clear that the proposed fa-

cility does not meet the definition of a rooming house. It does not contain a single dwelling unit and is not limited to rooming or boarding less than 25 people. It does not require prearrangements for staying there. Respondent's own determination was limited to concluding that the facility "would appear to constitute or closely resemble a 'rooming house' ". Accordingly, respondent's conclusion that petitioner was required to obtain a special use permit because the proposed facility fits the definition of a rooming house was irrational and petitioner's request that the decision be annulled should be granted (*see, Matter of Catholic Charities of R. C. Diocese v Zoning Bd. of Appeals*, 187 AD2d 903).

Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled and petition granted.