■ FARWOOD HOLDING CORP. et al., Respondents, v. TOWN CLERK OF THE TOWN OF HUNTINGTON et al., Appellants.— In a proceeding pursuant to CPLR article 78, the appeals are from a judgment of the Supreme Court, Suffolk County, entered June 4, 1974, which, after a hearing, (1) directed appellant town clerk (a) to publish a certain resolution of appellant town board and (b) to modify the town board's minutes to reflect its adoption of the said resolution by a majority vote and (2) declared that a certain resolution adopted by appellant planning commission on December 1, 1971 is void. Judgment affirmed, with costs. The applicable procedures of the Suffolk County Charter (L. 1958, ch. 278, as amd.) were not adhered to by appellant Suffolk County Planning Commission, thus rendering its disapproval of the zoning change here in question nugatory and ineffective. Accordingly, only a majority vote of the town board was required for the adoption of the proposed zoning resolution. Since such a majority vote was achieved, Special Term correctly granted judgment as it did. The Suffolk County Charter provisions here involved were duly adopted and are, in essence, zoning regulations enacted in derogation of the common law. They should be strictly construed and adhered to by those empowered to rule within their mandate (*Matter of 440 E. 102nd St. Corp.* v. *Murdock*, 285 N. Y. 298, 304). As we read sections 1323, 1324, 1325 and 1326 of the Suffolk County Charter, here applicable, if the planning commission desires to disapprove a proposed zoning amendment, it must adopt a formal resolution setting forth its disapproval and stating its reasons therefor, which resolution should appear in its minutes and be submitted to the town board as an official directive. Hopkins, Acting P. J., Latham, Christ and Shapiro, JJ., concur.

■ JOEL GREENBERG, an Infant, by His Mother, MILDRED GREENBERG, et al., Appellants, v. DAVID KLIOT, Respondent.— Order of the Supreme Court, Kings County, dated October 31, 1974, affirmed, without costs (*Stewart* v. *Long Is. Coll. Hosp.*, 35 A D 2d 531, affd. 30 N Y 2d 695). Rabin, Acting P. J., Hopkins, Brennan, Munder and Shapiro, JJ., concur.

■ In the Matter of JOSE B. (ANONYMOUS), Appellant.— In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Queens County, made July 11, 1974, which, based upon two fact-finding determinations of juvenile delinquency, ordered appellant placed with the Division For Youth, Title III (State Training School). Order reversed, on the law, without costs, and case remanded to the Family Court for further dispositional proceedings in accordance herewith. At the dispositional hearing held on July 11, 1974, a probation officer testified that appellant had been referred to and rejected by Lincoln Hall, a private residential treatment center. Additionally, referrals had been made to two other private agencies, which had not responded up to the time of the hearing. A psychiatric report prepared by the Bureau of Mental Health Services also recommended that appellant be placed in a "residential treatment center." The responses of the two private agencies were material and relevant to proper placement and it was an abuse of discretion for the Family Court to proceed in the absence of such responses (cf. *Matter of Melvin W.*, 45 A D 2d 842; *Matter of Daniel B.*, 43 A D 2d 861). Rabin, Acting P. J., Christ and Shapiro, JJ., concur; Hopkins and Latham, JJ., dissent and vote to affirm the order.