■ ANDREW SFOUGGATAKIS et al., Petitioners, v SUFFOLK COUNTY PLAN-NING COMMISSION et al., Respondents.—In this proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Planning Commission, made after a public hearing, which disapproved a proposed change in the zoning classification of petitioners' property, respondents moved in this court to amend the record. On June 4, 1973 this court granted the motion to the extent of remanding the matter to Special Term to hear and report as to whether the proposed amendments correctly reflect that a duly convened meeting of the respondent commission acted on the resolution at issue, whether the resolution was duly adopted, the number of commissioners present at the meeting and the vote taken upon the resolution. The proceeding and the motion were held in abeyance in the interim (*Sfouggatakis v Suffolk County Planning Comm.,* 42 AD2d 577). This court has now received Special Term's report. Motion to amend the record granted. Determination confirmed and petition dismissed on the merits, without costs. Sections 1323 *et seq.* of the Suffolk County Charter (Local Laws, 1970, No. 22 of County of Suffolk, § 2 as amd) deal, *inter alia,* with the responsibilities of the respondent planning commission with respect to zoning regulations, or amendments thereof, applying to real property situated within 500 feet of a town boundary. Insofar as is here pertinent, section 1323 provides that before final action is taken on a zoning regulation affecting such property, the proposed action must be submitted to the planning commission. Section 1324 provides that, subject to the provisions of section 1330, the planning commission, within 30 days after such referral, may by resolution render a report of (a) approval, (b) approval with changes or (c) disapproval. Section 1325 goes on to provide that (a) if the planning commission renders a report of approval, the town may approve the ordinance by majority vote; (b) if it renders a report approving with changes, the town may adopt the ordinance, as submitted to the commission, by a vote of a majority plus one, or may adopt it, as changed, by a majority vote; and (c) if the planning commission renders a report of disapproval, the town may nevertheless adopt it by a vote of a majority plus one. Section 1326 states that in the absence of a resolution adopted under section 1330, a report of the planning commission which either disapproves or approves with changes shall set forth the reasons for its conclusions in order to assist the municipality to form its own judgment as to what action to take with

respect to the municipal zoning action involved. In the recent case of *Farwood Holding Corp. v Town Clerk of Town of Huntington* (47 AD2d 765) we held that the Suffolk County Planning Commission's disapproval, or approval with changes, of a *proposed* zoning change must set forth the reasons for such action for the benefit of the municipality involved. We concluded there that the commission's failure to set forth its reasons for disapproval was tantamount to an approval of the proposed zoning change. In the instant proceeding the proposed change was initially submitted to the planning commission and was subsequently unanimously approved by the Town Board of the Town of Islip. No issue is raised with respect to the propriety of that approval. Section 1330 of the Suffolk County Charter, which was not at issue in *Farwood (supra),* provides, in substance, so far as here relevant, that, in addition to the above provisions, no amendment of a zoning ordinance relating to property located within 500 feet of a town boundary shall take effect until it is submitted to and approved by the commission and that it shall be deemed approved unless, within 45 days after the submission, (a) a neighboring municipality interposes an objection and (b) a resolution of disapproval is adopted by a two-thirds vote of the commission after a public hearing. Following the approval of the zoning change by the Town Board of the Town of Islip, an objection to the change was interposed by the neighboring town, the Town of Smithtown. By the requisite two-thirds vote the planning commission disapproved the change after a public hearing. Petitioners attack that disapproval, in reliance upon *Farwood (supra)* on the ground that the resolution of disapproval did not specify the *reasons therefor.* Petitioners' reliance is misplaced. The charter provisions involved in *Farwood* (§§ 1323–1326) required a statement of reasons for the planning commission's approval with changes or disapproval of the proposed change, for the benefit of the town, which would later act upon the proposed change. The commission's review of a zoning ordinance which has already been *"passed* by any town or village" is final (Suffolk County Charter, § 1330 [emphasis supplied]). Thus, there is neither a charter requirement nor any valid reason for its resolution of disapproval to ·set forth the reasons therefor. Gulotta, P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.