■ In the Matter of JOSEPH BRENNAN, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent.—Judgment, Supreme Court, New York County, entered on December 13, 1974, unanimously affirmed on the opinion of Helman, J., at Special Term, without costs and without disbursements. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.

■ NATIONAL SECURITY INSURANCE Co. et al., Appellants, v HELLENIC LINES LIMITED, Respondent.—Order, Supreme Court, New York County, entered on December 16, 1975, unanimously affirmed on the opinion of Nadel, J., at Special Term. Respondent shall recover of appellants $40 costs and disbursements of this appeal. Concur—Markewich, J. P., Silverman, Capozzoli, Nunez and Yesawich, JJ.

■ STEVEN D. JOHNSON, an Infant, by His Father and Natural Guardian, WALTER JOHNSON, et al., Respondents, v YESHIVA UNIVERSITY et al., Defendants-Appellants and Third-Party Plaintiff-Appellants. CITY OF NEW YORK, Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County, entered December 15, 1975, denying the motion of the defendants-third-party plaintiffs and the third-party defendant for summary judgment dismissing the complaint, unanimously modified, on the law, without costs and without disbursements, to grant summary judgment dismissing the first six causes of action of the complaint and otherwise affirmed. Only the defendants-third-party plaintiffs have appealed, with their appeal directed solely to the first six causes of action. Those causes of action are not known to the law and "should await legislative sanction and should not be accepted by judicial fiat" *(Stewart v Long Is. Coll. Hosp.,* 35 AD2d 531, 532, affd 30 NY2d 695; *Greenberg v Kliot,* 47 AD2d 765, mot for lv to app den 37 NY2d 707). We do not reach the request of the third-party defendant to review the disposition of the seventh and eighth causes of action because it has not filed a notice of appeal *(Matter of Holland,* 50 AD2d 735). Although leave to appeal to the Court of Appeals was granted orally upon consent, we note that our order dismissing the first six causes of action implicitly severs them from those remaining and is a final order *(Sirlin Plumbing Co. v Maple Hill Homes,* 20 NY2d 401; cf. *Lizza Ind., v Long Is. Light. Co.,* 36 NY2d 754). Concur—Kupferman, J. P., Lupiano, Silverman, Lane and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MOSLEY, Appellant.—Judgment, Supreme Court, New York County, rendered November 30, 1973, unanimously modified, on the law, to the extent of vacating the sentences for robbery in the second degree, grand larceny in the third degree, and possession of a weapon, and otherwise affirmed. As the District Attorney concedes, defendant's conviction and sentence on the charge of robbery in the first degree necessarily requires a vacation of the other inclusory concurrent sentences. *(People v Grier,* 37 NY2d 847; *People v Pyles,* 44 AD2d 784.) Concur—Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.