■ In the Matter of GORDON V. HOLMES, Respondent, v K. CARAVETTA et al., Constituting the City Planning Commission of the City of Rochester, Appellants

Memorandum: Petitioner, an owner of a construction business located on commercial property on Norris Drive in the City of Rochester, applied to the City Planning Commission for a special permit to establish a transitional parking lot on his residential property on Hillside Avenue which borders on his commercial property. After a public hearing, the Commission denied his application on the grounds that, *inter alia,* the proposed use would dominate and adversely affect the neighborhood, in violation of Rochester City Code § 115-29 (E) (2) (b) and (c). We find that the Commission's determination had a rational basis and was supported by substantial evidence *(Matter of Cowan v Kern,* 41 NY2d 591, 598, *rearg denied* 42 NY2d 910). Holmes' showing consisted of statements by his attorney that the parking lot would not be seen from Hillside Avenue, that there would be a six-foot fence around the lot, and that there would be no effect on the aesthetics of the neighborhood. The evidence presented by the neighboring

residents, which was relied on by the Commission, was that the height of the wooden fence would be insufficient to hide the parking lot because the land sloped, that the lot would dominate the area because there are no similar existing uses, and that the deep backyards provide a needed buffer to separate the commercial from the residential properties. Neither party presented any expert testimony and the Commission properly drew its own inferences from the conflicting evidence *(Matter of Rottenberg v Edwards,* 103 AD2d 138, 142-143). Thus, the court erred in finding that the Commission's determination was arbitrary and capricious. (Appeal from judgment of Supreme Court, Monroe County, Tillman, J.—art 78.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.