◼ In the Matter of MICHAEL SAMEK, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF BALLSTON, Respondent.— Casey, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered October 12, 1989 in Saratoga County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for an area variance and a special use permit.

Petitioner seeks to construct a four-unit office and/or retail store building on vacant land located at the corner of State Route 50 and Charlton Road in the Town of Ballston, Saratoga County. The proposed use is allowed in the relevant zoning district by special use permit. Petitioner applied to respondent for a special use permit and, because the property's frontage on Route 50 is some 16.5 feet short of the 200-foot requirement, petitioner also sought an area variance. Respondent denied both applications. Petitioner instituted this proceeding to challenge both determinations.

Turning first to the special use permit, petitioner was required to establish compliance with the conditions for grant-

ing a special use permit set forth in the zoning ordinance, and respondent could deny the application "by citing specific, reasonable grounds (supported by evidence) for concluding that the use, though permitted, is not desirable at the particular location" *(Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 109 AD2d 164, 166, *affd* 66 NY2d 893). Although the record could be clearer as to the grounds for respondent's denial of the application for a special use permit, we agree with Supreme Court that the determination was based at least in part upon traffic concerns. The conditions for granting a special use permit specified in the Town of Ballston Zoning Ordinance include the requirement that: "The location and size of the use, the nature and intensity of the operations involved or conducted in connection therewith, its site layout, and its relation to streets giving access to which shall be of such that traffic to and from the use and the assembly of persons in connection with it will not be hazardous or inconvenient to the neighborhood or conflict with the normal traffic of the neighborhood."

A number of local residents voiced their concern about traffic safety. Although petitioner characterizes the residents' statements as "generalized objections based on traffic congestion", there were several specific concerns. In particular, there was concern about the additional traffic at an already busy intersection. One resident stated that in his role as a volunteer fireman he had responded to a number of accidents at the intersection. It was also noted that the neighborhood is mainly residential, with the normal traffic flow including school buses which stop to pick up or discharge neighborhood children. Petitioner presented no expert evidence on the traffic issue. Instead, he relied upon the concept approval of his project by the Saratoga County Planning Board and upon his own conclusion that the proposed use would have a minimal impact on traffic. He based this conclusion upon the assumption that the four units would be rented as professional office space, but he conceded that he would rent to other tenants if necessary, such as retail businesses, that would generate more traffic.

Petitioner also points out that denial of a special use permit on the basis of traffic congestion "may well be arbitrary absent evidence that the proposed special permit use would have a greater impact on traffic than would other uses unconditionally permitted" *(Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 894). According to petitioner, the unconditionally permitted uses include such retail businesses

as convenient food stores, which would generate more traffic than a doctor's office. As noted by Supreme Court, however, the unconditionally permitted uses are limited to small businesses utilizing no more than five people, while petitioner's proposed use involves four separate businesses at the same location. We are of the view that the record as a whole contains sufficient evidence to which "respondent's discretion and commonsense judgments might be applied in accordance with the town ordinance" *(Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 66 NY2d 893, 895, *supra).*

Petitioner's appeal concerning the denial of his application for an area variance is premature. Supreme Court did not rule on petitioner's objections. Instead, the matter was remanded to respondent for clarification of its findings and the grounds for its denial of the application for an area variance. In effect, that portion of Supreme Court's order is an intermediate order in a CPLR article 78 proceeding, which is not appealable as of right *(see,* CPLR 5701 [b] [1]). The appropriate procedure is to await a final judgment by Supreme Court following respondent's clarification on remand.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.