MODERN LANDFILL, INC., Appellant, v TOWN OF LEWISTON,
Defendant, and RESIDENTS ORGANIZED FOR LEWISTON-POR-
TER'S ENVIRONMENT, INC., Intervenor-Respondent.

Fourth Department, July 14, 1992

### APPEARANCES OF COUNSEL

*Cole, Sorrentino, Hurley & Hewner, P. C. (Connors & Vilardo [Lawrence Vilardo] of counsel),* for Modern Landfill, Inc., appellant.

*Benjamin N. Hewitt* for Town of Lewiston, appellant.

*R. Nils Olsen, Jr.,* for intervenor-respondent.

### OPINION OF THE COURT

CALLAHAN, J. P.

Plaintiff Modern Landfill, Inc. (Modern) owns and operates a sanitary landfill within the Town of Lewiston (Town). The landfill opened in 1983 after the New York State Department of Environmental Conservation (DEC) and the Town issued permits. The DEC permit in part authorized a side-slope ratio of 1 to 4 resulting in a maximum height of 37 feet for the landfill. The Town permit incorporated by reference the terms of the DEC permit. When the DEC permit expired in March 1986, a renewal permit was issued which provided for substantial increases in height, volume, operating life and other aspects of the landfill operation. Thereafter, a controversy arose between Modern and DEC regarding conditions set forth in that permit. An agreement was reached and a revised renewal permit was issued in November 1986, which authorized a side-slope ratio of 1 to 3 increasing the maximum height of the landfill to 180 feet.

DEC realized that it had made an error in issuing the renewal permit without conducting a SEQRA review and, after a hearing, declared the permit to be null and void. On

appeal, this court found that the DEC did not act in excess of its lawful authority in nullifying the revised renewal permit *(Matter of Modern Landfill v Jorling,* 161 AD2d 1112, *lv denied* 76 NY2d 715). The DEC then issued Modern a more restrictive permit under which it is presently operating.

In October 1988, the Town enacted a local law, entitled "1988 Amendments to Waste Disposal and Landfill Law of the Town of Lewiston" (Local Laws, 1988, No. 2 of Town of Lewiston). That law set forth extensive provisions for regulating solid waste landfills. It also contained detailed requirements for obtaining a variance from its provisions, including a provision that no variance shall be granted unless a supermajority of at least four Town Board members (out of five) approves the variance.

Modern complained that Local Law No. 2 adversely affected and compromised its property rights and severely inhibited its present and future operations. To protect its operation, Modern commenced this action against the Town in November 1988 seeking a declaration that Local Law No. 2 was unconstitutional and to enjoin the Town from enforcing that law.

In 1990, representatives of Modern approached the Town to explore the possibility of settling the declaratory judgment action on a basis that would permit Modern to continue its landfill operations on a somewhat greater scale than Local Law No. 2 would otherwise permit. A proposed settlement was discussed which included discontinuance of the declaratory judgment action, an agreement by Modern to provide various benefits, monetary payments and assurances to the Town as a "host" community, and partial relief for Modern from various restrictive provisions of the local law. After a public meeting was held on the proposed settlement, the Town Board did not approve the settlement. The parties resumed discussions in 1991. Those discussions led to a proposed compromise and settlement of the action which was thereafter approved by a 3 to 2 vote of the Town Board. Thereafter, Modern and the Town made a joint application to the Supreme Court pursuant to Town Law § 68 for approval of the settlement and agreement.

After the proposed settlement was submitted to the court, a citizens environmental group, "Residents Organized For Lewiston-Porter's Environment, Inc." (R.O.L.E.), petitioned the court for leave to intervene as a party defendant in the declaratory judgment action. R.O.L.E. vigorously opposed and

challenged the legality of the proposed settlement agreement. Modern opposed the motion to intervene. Supreme Court granted R.O.L.E.'s application to intervene.

Following oral arguments on the joint motion for approval of the proposed settlement, Supreme Court concluded that it could not arrive at a determination that such compromise or settlement was "just, reasonable and to the interest of the town" (Town Law § 68 [2]). Therefore, in the exercise of its discretion, the court denied the application. Modern appeals.

■ At the outset, we reject Modern's assertion that despite the fact that it and the Town made a joint application for court approval of the proposed settlement pursuant to Town Law § 68, such approval was not required and that Supreme Court did not have subject matter jurisdiction to either approve or disapprove the proposed settlement of the declaratory judgment action between the parties.

The statute (Town Law § 68 [1] [a]) provides that the town board of any town may compromise or settle "[a]n action or proceeding against the town, with the approval of the court in which such action or proceeding is pending." Subdivision (2) of that statute outlines the procedure for obtaining court approval to enable the court to arrive at a determination that such compromise or settlement is "just, reasonable and to the interest of the town." Subdivision (4) provides that "[n]otwithstanding the foregoing provisions of this section, the town board of any town having a population of two hundred thousand or more may compromise or settle any action, proceeding or claim against the town, and the town board of any other town may compromise or settle any action or claim against the town where the amount claimed does not exceed three hundred dollars, upon such terms as said board shall determine are just, reasonable and to the interest of the town."

Modern contends that because its action against the Town seeks only a declaratory judgment, and not money damages, the proposed settlement of the action did not require court approval under Town Law § 68. R.O.L.E., on the other hand, maintains that the clear and unequivocal language of Town Law § 68 (1) (a) requires a town board to obtain judicial approval of a compromise or settlement of any "action or proceeding" against a town. It further argues that the "small claims exception" of Town Law § 68 (4) is not applicable to oust the court of jurisdiction to approve a proposed settlement of a declaratory judgment action. We agree with the R.O.L.E. rationale.

The rule that "compromises are not subject to inquiry as to whether the claim is just or unjust, but merely as to whether it is disputed, for the purposes of upholding the compromise is not applicable to municipal corporations" *(Matter of Andrus,* 85 Misc 2d 1062, 1066). While a municipality possesses the inherent right to compromise a claim against it, it may not, under the guise of a compromise, impair a public duty owed by it or give validity to a void claim *(Matter of Andgar Assocs. v Board of Zoning Appeals,* 30 AD2d 672, 674, *lv denied* 22 NY2d 648). Town Law § 68 puts prudential limits on a town's power to compromise litigation. As the State Comptroller has stated: "The courts, through their function of passing upon the validity of claims and the reasonableness of compromises and settlements, act as checks against possible fraud, excessive payments, or other actions which may not be to the interest of the town." (Report to Governor on Legislation, Bill Jacket, L 1959, ch 820 [Apr. 21, 1959].)

A town board is empowered to compromise or settle "[a]n action or proceeding against the town" with the approval of the court in which the action is pending (Town Law § 68 [1] [a]; *Matter of Commco, Inc. v Amelkin,* 62 NY2d 260, 264). Contrary to Modern's assertions, nothing in the plain language of that statute, its legislative history or case law limits that judicial approval requirement to actions seeking money damages only.

It is an elementary principle of statutory construction that courts may look only behind the words of a statute when the law itself is doubtful or ambiguous *(Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471, 480; *Johnson v Hudson Riv. R. R. Co.,* 49 NY 455, 462). Here, Town Law § 68 (1) (a) clearly provides for court approval of the compromise or settlement of any "action or proceeding" against the Town. In our view, the narrow exception of subdivision (4) of the statute does not oust the court of jurisdiction to approve the proposed settlement of this declaratory judgment action which will significantly impact the residents of defendant Town.

Supreme Court expressly recognized that in the exercise of its discretionary authority, it was not to sit in review of the legislative actions of the Town Board *(see, Matter of Nassau Shores Civic Assn. v Colby,* 118 AD2d 782, *mot to dismiss appeal granted* 68 NY2d 808). On the other hand, the court refused to "rubber-stamp" the proposed settlement. We con-

clude that Supreme Court properly viewed its role in considering the proposed settlement as one of *parens patriae,* similar to its statutory obligation in considering the proposed settlement of an action commenced by or on behalf of an infant, incompetent or conservatee *(see,* CPLR 1207) or the proposed settlement of a wrongful death cause of action *(see,* EPTL 5-4.6). Contrary to Modern's contention that the only reasons given by the court for refusing to approve the settlement were purely political, the court merely noted that insofar as the matter found its way to the court "through the vehicle of a simple majority vote of the Town Board, we are not dealing here with a mandate of the Town's elected representatives". The court could not ignore actions by intervenor-respondent and others "who have spearheaded at least three collateral proceedings all of which assail either directly or indirectly the Town Board action which is the subject of the application for Court approval".

Supreme Court did not consider the proposed settlement in terms of its financial impact on the Town, but rather considered whether the proposed settlement properly protected nonfinancial interests such as the legitimate environmental concerns of the Town residents. In noting that the compromise was approved by a simple majority vote of the Town Board, the court expressed its concern that the Town Board was using its authority to settle actions as a vehicle to circumvent the supermajority requirement of the local law *(see, Matter of Commco, Inc. v Amelkin,* 62 NY2d 260, *supra).* We agree.

Accordingly, we conclude that Supreme Court, in the exercise of its sound discretion, properly denied the joint application for approval of the settlement of the declaratory judgment action.

PINE, BALIO, LAWTON and DOERR, JJ., concur.

Order unanimously affirmed, with costs.