■ In the Matter of THOMAS J. BURKE, Respondent, v JULIE DENISON, as Chairperson of the Zoning Board of Appeals of

the City of Albany, et al., Appellants. [609 NYS2d 959] —Crew III, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered September 15, 1993 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Zoning Appeals of the City of Albany denying petitioner a special use permit.

In March 1993, petitioner applied for a building permit to construct a 7,200-square-foot building in the City of Albany for use as commercial office space and a restaurant. It was determined that the project required a special use permit, and petitioner thereafter applied for a permit to construct a 3,600-square-foot building for use as a restaurant/take-out establishment. Under petitioner's proposal, the building would house three separate food franchises, each having take-out capability, with a 75-seat common eating area.

Following a public hearing, respondent Board of Zoning Appeals of the City of Albany (hereinafter the Board) denied petitioner's application finding, *inter alia,* that the proposed use was incompatible with the character of the surrounding neighborhood, had inadequate off-street parking and would significantly increase local traffic. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the determination. Supreme Court granted petitioner's application and this appeal by respondents followed.

It is well settled that "[t]he inclusion of [a] permitted use in [an] ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" *(Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243; *see, Matter of Veysey v Zoning Bd. of Appeals,* 154 AD2d 819, 820, *lv denied* 75 NY2d 708). Here, the record indicates that the property in question is located in a C-1 neighborhood commercial district where restaurants are a permitted use and take-out and/or delivery restaurants are permitted by special use permit. Thus, for the Board to deny petitioner's application, it was required to set forth "specific, reasonable grounds (supported by evidence) for concluding that the use, though permitted, [was] not desirable at [that] particular location" *(Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 109 AD2d 164, 166, *affd* 66 NY2d 893).

Based upon our review of the record as a whole, we are unable to conclude that Supreme Court erred in finding that the Board's determination lacked a rational basis and was not

supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Hanson v Valenty,* 198 AD2d 598). Although the Board determined that the proposed use was incompatible with the character of the surrounding neighborhood, the record indicates that the site in question is surrounded by commercial establishments and, as Supreme Court observed, there is no requirement in the Albany Zoning Ordinance that the proposed use be a "traditional" one. With respect to the Board's finding that the proposed use would generate "a significant increase in weekday traffic at the site", the record as a whole simply fails to support this conclusion. Petitioner's engineer calculated the average weekday traffic movements for both the current use (a gas station) and the proposed use and concluded that the proposed use would not have any significant effect upon local traffic. The only testimony in opposition to this view came in the form of generalized community concerns and objections expressed by neighboring property owners, which was insufficient to justify the denial of the requested special use permit *(see generally, Matter of Fitzner v Beach,* 174 AD2d 798, 799-800; *Matter of Pilato v Zoning Bd. of Appeals,* 155 AD2d 864, 865; *Matter of Ronsvalle v Blumenthal,* 144 AD2d 766, 767; *compare, Matter of Samek v Zoning Bd. of Appeals,* 162 AD2d 926, 927). Finally, we agree with Supreme Court that the Board's findings regarding the adequacy of the loading, dumpster and handicapped parking areas are conclusory in nature and cannot support the Board's determination.

Our inquiry does not end here, however, for we must still consider whether petitioner has provided adequate off-street parking for the proposed use. The site plan in question depicts 19 off-street parking spaces which, under the requirements existing at the time petitioner's application was denied, appears to have been sufficient. During the pendency of this appeal, however, the City amended its zoning ordinance regarding, *inter alia,* off-street parking requirements for restaurant uses. Although the parties agree that the amended ordinance applies with respect to parking standards *(see generally, Matter of Willard v Habb,* 170 AD2d 820, 822, *lv denied* 78 NY2d 854), we are of the view that this matter must be remitted to the Board for further proceedings.

The number of parking spaces required under the amended ordinance hinges upon the nature of the proposed use. Although it appears that the Board views petitioner's proposed

use as a "carry-out" restaurant,* petitioner disputes this classification and contends that his proposal does not fall squarely within any of the various restaurant uses defined under the amended ordinance (see, City of Albany Zoning Ordinance §§ 27-202, 27-1514). We therefore deem it appropriate to remit this matter to the Board for a factual determination as to the nature of petitioner's proposed use which, in turn, will dictate the number of off-street parking spaces required, ultimately determining whether petitioner is entitled to the special use permit.

Mikoll, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to respondent Board of Zoning Appeals of the City of Albany for further proceedings not inconsistent with this Court's decision.

---

* The amended ordinance requires one parking space per 100 square feet of floor area for a carry-out restaurant (see, City of Albany Zoning Ordinance § 27-1514). If petitioner's proposed use is classified as a carry-out restaurant, 36 off-street parking spaces will be required under the amended ordinance.