■ In the Matter of the ESTATE OF VICTOR B. COOPER, Appellant, v VILLAGE OF COOPERSTOWN, Respondent. [632 NYS2d 853] —Casey, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered June 7, 1994 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to review a determination of respondent denying petitioner's application for a special permit.

The special permit at issue in this case was required because the relevant renovation project involved the construction of a porch which would extend beyond the existing foundation of a structure located in the Waterfront Development Overlay District (hereinafter Waterfront District) established by respondent's zoning ordinance. Petitioner first contends that the ordinance which established the Waterfront District is unconstitutionally vague in that it fails to specify the standards to be applied by respondent's Board of Trustees in deciding whether to grant a special permit. The argument is meritless. "When the legislative body reserves to itself the granting of special exceptions it need set forth no standards for the exercise of its discretion" (*Cummings v Town Bd.*, 62 NY2d 833, 834). The ordinance at issue reserves to respondent's legislative body the authority to grant a special permit for construction in the Waterfront District and, therefore, the only limitation on the exercise of this discretion is that it must not be arbitrary and capricious (*see, supra,* at 835).

The Board of Trustees examined the relevant plans, conducted a site evaluation of the project and concluded that the protrusion of the proposed porch would have a negative impact on "viewscapes" both from Lake Otsego and toward Lake Otsego. The Board of Trustees also noted that an extensive addition had already been permitted which adversely affected the "viewscapes" and a neighbor's air and lightspace. The determination to deny the special permit was based upon the Board of Trustees' decision not to allow the added negative impacts that would result from the porch. The determination is based upon specific, reasonable grounds and has a rational basis in the record. Accordingly, it will not be disturbed (*see, Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals*, 109 AD2d 164, 166, *affd* 66 NY2d 893).

We reject petitioner's argument that the determination is arbitrary because other construction projects were permitted within the Waterfront District. The mere fact that some construction was permitted within the Waterfront District does not give petitioner the right to demand that the Board of Trustees exercise its discretion in petitioner's favor (*see, Matter of Cowan v Kern*, 41 NY2d 591, 595). In any event, the record reveals that some of the other construction projects were not subject to the Waterfront District special permit requirement, and others were found not to be intrusive. Petitioner's remaining argument, based upon estoppel, is patently meritless (*see,*

*Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282, *appeal dismissed, cert denied* 488 US 801).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.