■ In the Matter of Suzanne Beck, Petitioner, v Peter Gravelding et al., Constituting the Planning Board of the Town of LaFayette, Respondents. (Case No. 1.) In the Matter of Suzanne Beck, Petitioner, v Fred R. Plumpton, as Building Inspector of the Town of LaFayette, et al., Respondents. (Case No. 2.) In the Matter of Peter Vinch et al., Respondents, v Stephen Beggs et al., Constituting the Zoning Board of Appeals of the Town of LaFayette, Appellants, et al., Respondents. (Case No. 3.) [669 NYS2d 108] —Judgment insofar as appealed from unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioners, Peter Vinch and Suzanne Vinch, also known as Suzanne Beck, the owners of an 18-acre parcel in a residential-agricultural zone in the Town of LaFayette, applied for a specific permit for the operation of a dog kennel on their property (*see,* Zoning Ordinance of Town of LaFayette, art II, § A [1] [d]). Respondent Zoning Board of Appeals (Zoning Board) referred the application to respondents Planning Board of Town of LaFayette (Town Planning Board) (*see,* Zoning Ordinance of Town of LaFayette, art IV, § B [2]) and Onondaga County Planning Board (County Planning Board) (*see,* General Municipal Law § 239-m [3] [a] [iii]; [b] [iii]). Both Planning Boards recommended denial of the application. The recommendation of the County Planning Board was based upon its determination that, because the right-of-way proposed as access from the kennel to the County road fails to meet applicable sight distance requirements for an intersecting road, no additional usage of the right-of-way should be permitted until the speed limit is lowered on the County road. The Zoning Board determined that there was no

reason to act contrary to the County Planning Board's recommendation (see, General Municipal Law § 239-m [5], [6]) and denied the application. Petitioners commenced this CPLR article 78 proceeding challenging the Zoning Board's determination.

Supreme Court erred in granting the petition and directing the Zoning Board to issue the permit. In our view, the denial of the permit has a rational basis and should not be disturbed (see, Matter of Monro Muffler/Brake v Town Bd., 222 AD2d 1069; Matter of Estate of Cooper v Village of Cooperstown, 220 AD2d 964, 965; Matter of Holmes v Caravetta, 140 AD2d 980). The Zoning Board's action was not based upon speculation or conjecture concerning the effect of the kennel on neighboring properties (cf., Matter of Pilato v Zoning Bd. of Appeals, 155 AD2d 864, 865; Matter of Lee v Zoning Bd. of Appeals, 122 AD2d 423). Rather, the Zoning Board provided "specific, reasonable grounds (supported by evidence) for concluding that the use, though permitted, is not desirable at the particular location" (Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals, 109 AD2d 164, 166, affd 66 NY2d 893, citing Green v Lo Grande, 96 AD2d 524, 525, appeal dismissed 61 NY2d 758).

Petitioner Suzanne Vinch has not cross-appealed from that part of the judgment dismissing two prior CPLR article 78 proceedings seeking review of the Town Planning Board's actions on her applications for site approval. We therefore are without authority to grant relief from that part of the judgment (see, Hecht v City of New York, 60 NY2d 57, 63). (Appeal from Judgment of Supreme Court, Onondaga County, Hayes, J.—CPLR art 78.) Present—Denman, P. J., Green, Callahan, Balio and Fallon, JJ.