■ In the Matter of HEADRIVER, LLC, Respondent, v TOWN BOARD OF TOWN OF RIVERHEAD, Appellant. [762 NYS2d 808] —In

a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Riverhead, dated February 20, 2002, which, in effect, denied the petitioner's application for a special use permit, the Town Board of the Town of Riverhead appeals, by permission, from an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 12, 2002, which denied its motion to dismiss the petition.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly denied its motion, pursuant to CPLR 7804 (f), to dismiss the petition. The Suffolk County Planning Commission's December 5, 2001, determination was merely an advisory recommendation capable of being rejected by a vote of a majority plus one of the appellant's members (see General Municipal Law § 239-m [5]; Suffolk County Administrative Code § A14-22 [E] [3]; Town of Smithtown v Howell, 31 NY2d 365 [1972]; H.O.M.E.S. v New York Urban Dev. Corp., 98 Misc 2d 790, 800 [1979], mod on other grounds 69 AD2d 222 [1979]). Therefore, it is not subject to review pursuant to CPLR article 78 (Matter of Baker-Firestone, Inc. v Bowman, 43 AD2d 738, 739 [1973]; H.O.M.E.S. v New York Urban Dev. Corp., supra). Rather, the appellant, which issued the resolution challenged by the petitioner, is the proper party to the proceeding (see CPLR 7803; Riverhead Town Code § 108-3; 208 E. 30th St. Corp. v Town of N. Salem, 88 AD2d 281, 285 [1982]).

The appellant's remaining contention is without merit. S. Miller, J.P., Adams and Rivera, JJ., concur.

Goldstein, J., dissents and votes to reverse the order appealed from and grant the motion to dismiss the proceeding, with the following memorandum: At issue here is whether the petitioner's application for a special use permit was properly denied. The Suffolk County Planning Commission (hereinafter the Planning Commission) disapproved the petitioner's application in a written determination dated December 5, 2001. Pursuant to General Municipal Law § 239-m (5), the appellant, Town Board of the Town of Riverhead (hereinafter the Town Board), "shall not act contrary to such recommendation except by a vote of a majority plus one of all the members thereof." Similarly, Suffolk County Administrative Code § A14-22 (E) (3) requires the "affirmative vote of a majority plus one" to override the disapproval of the Planning Commission. It is undisputed that the Town Board voted by a simple majority vote of three to two to grant the petitioner's application, setting forth extensive reasons why the application should be granted. Since the Town Board could only override the Plan-

ning Commission by a vote of majority plus one, the petitioner's application was denied by operation of law (*see Matter of Aloya v Planning Bd. of Town of Stony Point*, 93 NY2d 334, 341 [1999]).

The petitioner commenced the instant proceeding against the Town Board to review the denial of its application on the ground that it was arbitrary and capricious and not supported by substantial evidence, and was not "supported by any formal findings of fact." The Town Board moved to dismiss the proceeding on the ground that the petitioner failed to join the Planning Commission as a necessary party and on the ground that the petition failed to state a cause of action.

The Supreme Court denied the Town Board's motion, holding that the Planning Commission was not a necessary party and "the mere fact that the Planning Commission recommended against the application does not necessarily support the decision of the Town Board."

The problem with this analysis is that the Town Board never rendered a "decision" denying the petitioner's application. A simple majority of the Town Board voted to grant the application and its resolution sets forth reasons supporting the view of the simple majority.

Denial of the application is mandated by statute (*see Matter of Town of Smithtown v Howell*, 31 NY2d 365 [1972]). This Court has held that failure to comply with the majority-plus-one requirement in General Municipal Law § 239-m constitutes a jurisdictional defect rendering null and void a purported approval of an application (*see Matter of South Shore Audubon Socy. v Board of Zoning Appeals of Town of Hempstead*, 185 AD2d 984, 985 [1992]). A fortiori, the denial cannot be deemed arbitrary and capricious.

In its brief on appeal, the petitioner sets forth inconsistent positions. In its first point, it claims that the recommendation of the Planning Commission is not reviewable pursuant to CPLR article 78 and therefore the Planning Commission need not be joined as a party to this proceeding. In its second point, it challenges the reasons cited by the Planning Commission for its recommendation as "arbitrary."

The determination of the Planning Commission was nonfinal when issued since it could be "overridden by a vote of a majority plus one" (*H.O.M.E.S. v New York Urban Dev. Corp.*, 98 Misc 2d 790, 800 [1979], *mod on other grounds* 69 AD2d 222 [1979]; *Matter of Town of Smithtown v Howell, supra* at 371). If the Planning Commission's recommendation had been overridden by the requisite number of votes, its propriety would be

academic (*see generally 208 E. 30th St. Corp. v Town of N. Salem*, 88 AD2d 281, 285 [1982]). If the Town Board had agreed with the Planning Commission's recommendation, the Town Board would have rendered a decision on the merits, subject to review to determine whether the reasoning of the Town Board was arbitrary and capricious and supported by substantial evidence (*see Matter of Beck v Gravelding*, 247 AD2d 831 [1998]; *Matter of Gardiner v Lo Grande*, 83 AD2d 614 [1981]; *Matter of Mason v Zoning Bd. of Appeals of Town of Clifton Park*, 72 AD2d 889 [1979]).

The Town Board did not adopt or reject the recommendation of the Planning Commission. Since the Planning Commission recommended disapproval and the Town Board was unable to override that recommendation, the provisions of General Municipal Law 239-m (5) and the Suffolk County Administrative Code mandated denial of the application.

When the recommendation of the Planning Commission has final and binding effect, it is subject to judicial review (*see Farwood Holding Corp. v Town Clerk of Town of Huntington*, 47 AD2d 765 [1975]; *Matter of We're Assoc. Co. v Bear*, 35 AD2d 846 [1970], *affd* 28 NY2d 981 [1971]; *see also Sfouggatakis v Suffolk County Planning Commn.*, 48 AD2d 885 [1975]). However, in the instant case, the petitioner does not seek to join the Planning Commission as a party.

The petitioner is free to chart its course and challenge the denial of its application for a special permit based upon alleged procedural defects or errors of law in the proceedings before the Town Board (*see Matter of Voelckers v Guelli*, 58 NY2d 170 [1983]; *208 E. 30th St. Corp. v Town of N. Salem, supra*). With respect to the proceedings before the Town Board, the petitioner contends that the Town Board had a duty to "take final action on the special permit application." However, contrary to the petitioner's contention, the Town Board satisfied its duty to act when it voted on the application (*see Matter of Aloya v Planning Bd. of Town of Stony Point, supra*).

The petitioner further contends that the Town Board erred in failing to set forth reasons for denial of the application. Since a simple majority of the Town Board was in favor of granting the application, it set forth reasons in support of that position. To attach legal significance to this fact would eviscerate the statutory requirement of a supermajority vote (*see generally Modern Landfill v Town of Lewiston*, 181 AD2d 159, 164 [1992]). Any objections to this statutory scheme must be addressed to the Legislature.

In view of the foregoing, the petitioner's contentions are

without merit. Accordingly, the proceeding should have been dismissed for failure to state a cause of action.