◼ In the Matter of Metro Enviro Transfer, LLC, Respondent, v Village of Croton-on-Hudson et al., Appellants. [777 NYS2d 170]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village Board of Trustees of the Village of Croton-on-Hudson, dated January 27, 2003, which denied the petitioner's application for renewal of a special use permit to operate a construction and demolition debris waste transfer station, the Village of Croton-on-Hudson and the Village Board of Trustees appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered February 20, 2003, as granted the petition, annulled the determination, and remitted the matter to the Village of Croton-on-Hudson to renew the special permit upon such reasonable conditions as it may deem appropriate.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

In 1998 the petitioner, Metro Enviro Transfer, LLC (hereafter Metro), obtained a special use permit to operate a waste transfer facility in the appellant Village of Croton-on-Hudson from the appellant Village Board of Trustees (hereinafter collectively referred to as the Village). The special use permit was issued after an extensive environmental review process. A number of conditions, limitations, and restrictions were incorporated into the permit as a result of that review process. The permit also provided that if any of the conditions, limitations, or restrictions contained therein were violated, the Village had the right to revoke the permit. In 2001 Metro sought to renew the permit. However, the Village ultimately denied renewal on January 27, 2003, on the ground that on numerous occasions Metro had violated a number of the permit conditions, limitations, and restrictions. Those violations included accepting waste in excess of that allowed in the permit, acceptance of unauthorized waste, the failure to train personnel, and the failure to maintain accurate records. Relying on, among other things, an expert affidavit, the Village found that the violations posed a threat to the safety of the community and the environment, since the various conditions, limitations, and restrictions that were violated were established to address those concerns.

Metro commenced this proceeding, claiming, inter alia, that there was unrebutted evidence that, despite the subject violations, there was no actual harm to the community or environment. Thus, Metro contended, the Village's determination was arbitrary and capricious, and not supported by substantial evi-

dence. The Supreme Court agreed, and annulled the Village's determination. We reverse.

"The classification of a 'special permit' or 'special exception' is tantamount to a legislative finding that, if the special permit or exception conditions are met, the use will not adversely affect the neighborhood and the surrounding areas" (*Matter of C.B.H. Props. v Rose,* 205 AD2d 686 [1994]).

"Generally, in the absence of a material change in conditions or evidence of a violation of the terms of the permit, a renewal should be granted" (*Matter of Atlantic Cement Co. v Williams,* 129 AD2d 84, 88 [1987]). The determination of a municipality whether or not to renew a special use permit to operate a facility like that at issue here, will be upheld where it is supported by substantial evidence (*see Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000 [1997]). "Where substantial evidence exists, a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 196 [2002]).

Here, the Supreme Court erroneously substituted its own judgment for that of the Village and held that the determination on review was the sole product of generalized opposition to the facility (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, supra*). The Village did not need to wait for actual harm to occur because of the various permit violations committed by Metro in order to deny renewal. It was sufficient that the conditions, established after a lengthy review process to address potential adverse impacts on the neighborhood, were violated, and there is substantial evidence in this record not only establishing the existence of the subject violations, but also that they posed a threat to the community and environment (*see Matter of Persico v Incorporated Vil. of Mineola,* 261 AD2d 407 [1999]; *Matter of Bell v Szmigel,* 171 AD2d 1032, 1033 [1991]; *cf. Matter of Twin County Recycling Corp. v Yevoli, supra*).

Accordingly, the Supreme Court erred in granting Metro's petition. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.