■ In the Matter of ROBERT STEENROD, Appellant, v CITY OF ONEONTA et al., Respondents. [892 NYS2d 649]—

Rose, J.

Petitioner is the owner of a three-apartment, 10-bedroom house in the City of Oneonta, Otsego County that he rents to college students on an annual basis. When he applied for a special use permit to allow him to also rent the property to summer transients on a weekly basis, respondent City of Oneonta Common Council (hereinafter respondent) denied his application. Petitioner then commenced this proceeding to annul respondent's determination, and Supreme Court properly dismissed his petition.

When a municipality's determination of an application for a special use permit has a rational basis and is supported by substantial evidence in the record, the courts will defer to it (*see Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d 1041, 1042 [2007]; *Matter of Fischlin v Board of Appeals of Town of Philipstown*, 176 AD2d 50, 53 [1992]; *Matter of Samek v Zoning Bd. of Appeals of Town of Ballston*, 162 AD2d 926, 927 [1990]). If there are specific, reasonable grounds for the municipality to conclude that the proposed special use is not desirable at the particular location, then the permit may properly be denied even though the statutory requirements for the special use are met (*see Matter of Beck v Gravelding*, 247 AD2d 831, 832 [1998], *lv denied* 92 NY2d 801 [1998]; *Matter of Samek v Zoning Bd. of Appeals of Town of Ballston*, 162 AD2d at 928; *Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals*, 109 AD2d 164, 166 [1985], *affd* 66 NY2d 893 [1985]).

Here, there is no dispute that the transient weekly rental use proposed for petitioner's premises is a special use described in the zoning ordinance of respondent City of Oneonta subject to review and approval by respondent. The relevant ordinance provides a list of criteria upon which a special use permit may be denied, including factors—such as inadequate on-street parking—that would cause a "detrimental impact on the neighborhood where the permit is to be issued" (City of Oneonta Municipal Code § 300-46 [V] [5] [d]). Respondent's written determination recounts that petitioner's application was denied because of, among other things, street congestion and insufficient on-street parking.

As to these factors, the record shows that one of respondent's members cited the congestion on the block caused by the expansion of a nearby restaurant, the fire department's regular use of

the street as a shortcut and the fact that several other properties were already engaged in summer transient rentals. As for parking, while it is true that petitioner stated in his application that his property has one off-street parking space for each rental unit, the sample weekly-rental agreement that he attached to his application states that any tenant wishing an on-site parking space must pay a fee and sign a separate parking agreement. Thus, respondent could reasonably conclude that tenants would choose to park on the street to avoid extra expense. In addition, respondent had questions about the number of transient tenants and, implicitly, the number of vehicles that would be using the premises that were not addressed in petitioner's application and went unanswered due to his failure to appear at the hearing. Moreover, one of the neighbors who did appear raised public safety concerns regarding the difficulty that emergency vehicles would have in traversing the street. As a result, we agree with Supreme Court that there is substantial evidence in the record supporting respondent's determination that the proposed special use was undesirable due to current conditions in the neighborhood (*see e.g Matter of Samek v Zoning Bd. of Appeals of Town of Ballston*, 162 AD2d at 928; *Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals*, 109 AD2d at 166).

Petitioner's remaining contention that Supreme Court substituted its judgment for that of respondent by mentioning factors not cited in respondent's written decision is without merit. Supreme Court examined the record and merely enumerated additional facts, such as the fee for on-site parking, that were in the record before respondent and provided further support for its determination (*see Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d at 1043; *Matter of Samek v Zoning Bd. of Appeals of Town of Ballston*, 162 AD2d at 928; *compare Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson*, 7 AD3d 625, 627 [2004], *affd* 5 NY3d 236 [2005]).

Spain, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.