◼ In the Matter of KINDERHOOK DEVELOPMENT, LLC, et al., Respondents, v CITY OF GLOVERSVILLE PLANNING BOARD, Appellant. [931 NYS2d 447]—

Mercure, J.P.

Petitioner Kinderhook Development, LLC (hereinafter petitioner) sought to construct four multifamily apartment buildings containing 48 affordable housing units on vacant land in the City of Gloversville, Fulton County. New multifamily housing is allowed on the site under the City's Zoning Ordinance, with a special use permit and site plan approval from respondent. Petitioner accordingly filed a voluminous application with respondent for a special use permit that included, among other things, a plan to address stormwater runoff and a State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]) full environmental assessment form.

Respondent did not request any additional information on the water runoff issue, but noted that a number of property owners near the project—including a member of the County board of supervisors—had expressed concern about it. In response, the engineer who designed the site and prepared the water runoff plan submitted a letter in which he confirmed that the project would not increase the rate of runoff into the surrounding neighborhood and, indeed, would slightly reduce it. Petitioner further agreed to provide $50,000 to the City so that drainage problems in the neighborhood could be properly studied.

Respondent assumed lead agency status for purposes of SEQRA and issued a negative declaration that found, in particular, that "[t]he Stormwater Management Plan for the site adequately addresses the potential stormwater impacts of this project." Nevertheless, after a public hearing revealed widespread neighborhood opposition to the project, respondent disapproved petitioner's application, citing the water runoff issue as a ground for its decision.

Petitioners then commenced this CPLR article 78 proceeding challenging the disapproval. Following joinder of issue, Supreme Court annulled respondent's determination and directed it to grant petitioner's application, albeit with any reasonable and necessary conditions imposed in accordance with the City's Zoning Ordinance. Respondent now appeals, contending specifically that its concerns regarding the water runoff issue provided a rational basis for the determination.

We disagree and affirm. "The classification of a particular use as permitted in a zoning district is 'tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood' " (*Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000,

1002 [1997], quoting *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243 [1972]). There is no dispute that petitioner met its initial burden of demonstrating that the proposed project "compli[ed] with any legislatively imposed conditions on an otherwise permitted use" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002]; *see Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon*, 250 AD2d 690, 693 [1998], *lv denied* 92 NY2d 810 [1998]). While respondent thereafter remained free to evaluate the application and reject it "[i]f there [were] specific, reasonable grounds . . . to conclude that the proposed special use [was] not desirable at the particular location," its determination in that regard must be supported by substantial evidence in the record (*Matter of Steenrod v City of Oneonta*, 69 AD3d 1030, 1031 [2010]; *see Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d at 1002; *Matter of Eddy v Niefer*, 297 AD2d 410, 412 [2002]).

Here, the engineering evidence submitted established that the project would reduce the preexisting runoff problems and, indeed, respondent relied upon that evidence in issuing its negative declaration for purposes of SEQRA. Even assuming, as respondent argues, that its own negative declaration was not binding upon it in rendering its ultimate determination, the fact remains that the only evidence respondent thereafter received on the runoff issue consisted of the conclusory opinions of neighbors opposed to the project. Moreover, it is apparent that respondent relied upon those concerns in denying petitioner's application, with one of respondent's members flatly stating that "people living in a particular neighborhood know more about the physical conditions of where they live than any experts brought in by an applicant." Inasmuch as respondent thus relied upon "generalized community objections" rather than the unchallenged empirical evidence in denying petitioner's application, we agree with Supreme Court that the determination was not supported by substantial evidence (*Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d at 1002; *see Matter of PDH Props. v Planning Bd. of Town of Milton*, 298 AD2d 684, 686-687 [2002]).

Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.