In a proceeding pursuant to CFLR article 78 to review a de *924 termination of the Board of Zoning Appeals of the Incorporated Village of Sea Cliff, dated May 5, 2011, which, after a hearing, revoked the petitioners’ special use permit, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Adams, J.), entered October 3, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
“ ‘The classification of a “special permit” or “special exception” is tantamount to a legislative finding that, if the special permit or exception conditions are met, the use will not adversely affect the neighborhood and the surrounding areas’ ” (Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson, 7 AD3d 625, 627 [2004], affd 5 NY3d 236 [2005], quoting Matter of C.B.H. Props. v Rose, 205 AD2d 686 [1994]). “Judicial review of a determination by a zoning board is generally limited to determining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion” (Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown, 84 AD3d 1101, 1102 [2011]). Here, we agree with the Supreme Court that the determination under review, which revoked a previously-issued special use permit due to noncompliance with the stated conditions, was rational, and was neither illegal, arbitrary and capricious, nor an abuse of discretion (see Matter of Rossney v Zoning Bd. of Appeals of the Inc. Vil. of Ossining, 79 AD3d 894, 895 [2010]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005]; see also Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson, 7 AD3d at 626-627; Matter of Bell v Szmigel, 171 AD2d 1032 [1991]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.E, Chambers, Hall and Hinds-Radix, JJ., concur.