Matter of Moe's Motor Cars, LLC v Town of Ulster (2024 NY Slip Op 03855)

Matter of Moe's Motor Cars, LLC v Town of Ulster

2024 NY Slip Op 03855

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

CV-23-0770
[*1]In the Matter of Moe's Motor Cars, LLC, et al., Respondents,
v
Town of Ulster et al., Appellants.

Calendar Date:June 4, 2024

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, McShan and Powers, JJ.

Whiteman Osterman & Hanna LLP, Albany (John J. Henry of counsel), for appellants.
Law Office of William Yurus, Hawthorne (William Yurus of counsel), for respondents.

McShan, J.
Appeal from a judgment of the Supreme Court (Julian D. Schreibman, J.), entered April 3, 2023 in Ulster County, which granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent Town of Ulster Town Board denying petitioners a special use permit.
Petitioner Moe's Motor Cars, LLC (hereinafter MMC) and its owner, petitioner Mohammad Waheed, filed an application with respondent Town of Ulster, Ulster County, for a special use permit and site plan approval to operate an automotive sales facility on vacant land owned by Waheed. The property is located in an Office Manufacturing District, as designated by the Code of the Town of Ulster (hereinafter Town Code), which permits automobile sales upon the granting of a special use permit and site plan approval.
Respondent Town of Ulster Town Board thereafter initiated the review process pursuant to the State Environmental Quality Review Act (see ECL art 8), declared its intent to be lead agency and referred the application for review to the Town of Ulster Planning Board. Following its review, the Planning Board recommended that the Town Board approve the application, subject to petitioner's compliance with applicable zoning laws. While the matter was still pending before the Town Board, MMC applied to the Department of State (hereinafter DOS) for a variance from the requirements of 19 NYCRR 1222.2, which would require MMC to provide certain plumbing fixtures on the site of the proposed business (see 2020 Plumbing Code of NY St § 403.1). DOS granted MMC's variance application and determined that petitioner need not install plumbing fixtures as long as a portable toilet and a hand sanitizing station were provided and maintained on the property. DOS's decision stated that it would become final after 15 days, unless objected to by MMC. The variance was granted on February 16, 2022 and forwarded to the Town Board that same day. The following day, the Town Board denied petitioners' special use application, finding, among other things, that petitioners' proposal failed to include a bathroom or water line on the property in violation of state law. The Town Board also found that petitioners failed to establish a "reasonable need for an automobile sales facility." Petitioners then commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment against the Town and the Town Board, challenging the Town Board's denial. Supreme Court annulled the Town Board's determination and remitted the matter for further proceedings. Respondents appeal.
We affirm. Respondents first contend that the Town Board properly determined that petitioners' failure to provide an adequate bathroom, water and sewer connections on site pose a public safety risk and are in violation of New York State Building Code and New York State Plumbing Code. To that end, 19 NYCRR 1222.2 sets forth plumbing fixture requirements [*2]for businesses, enumerating how many water closets, lavatories and drinking fountains a business must have, depending on its occupancy (see 2020 Plumbing Code of NY St § 403.1). DOS granted MMC a variance from this requirement, permitting it to instead provide a portable toilet and hand sanitizing station because the proposed automobile sales facility would conduct business primarily online, the business would not be regularly open to the public and Waheed would be the only employee on site. Although the variance stated that it would not become final for 15 days unless MMC appealed, the plain language makes clear that the right to appeal was MMC's alone. To this end, we discern no basis for respondents to rely on petitioner's unexercised appellate rights as justification to disregard the variance. Inasmuch as the Town Board was in receipt of the variance before it made its decision, its reliance on a purported violation of 19 NYCRR 1222.2 was an error of law and therefore an improper basis to deny petitioners' application (see Matter of Bali Two, LLC v Pascale, 225 AD3d 691, 692 [2d Dept 2024]; see also Matter of Williams v New York State Dept. of Corr. & Community Supervision, 212 AD3d 65, 71 [3d Dept 2022]; Matter of Grube v Board of Educ. Spencer-Van Etten Cent. Sch. Dist., 194 AD3d 1222, 1227 [3d Dept 2021]). Respondents' alternative assertion that they were empowered to deny the application based upon their own assessment of the public safety risk associated with petitioners' failure to provide adequate plumbing fixtures is unsupported by the record, as the Town Board's resolution expressly premised denial, in part, on a violation of 19 NYCRR 1222.2. Accordingly, whether respondents could disregard the variance granted by DOS and whether doing so would be arbitrary and capricious are not at issue on this appeal, as we agree with Supreme Court's determination that the Town Board's resolution was affected by an error of law specific to the grounds it relied upon for denial and requires reversal on that basis (see Matter of Schulz v Town of Hopewell Zoning Bd. of Appeals, 163 AD3d 1477, 1479 [4th Dept 2018]; see also Matter of Southern Realty & Dev., LLC v Town of Hurley, 218 AD3d 900, 904 [3d Dept 2023]).
Similarly, the Town Board improperly imposed a burden on petitioners to establish a reasonable need for an automobile sales facility. The Town Code sets forth three conditions for granting a special use permit: (1) that the proposed use "harmonize with the orderly development of the area in which it is located" and "shall not be detrimental to the site or adjacent properties"; (2) that it "ensure[s] the safety for pedestrians and vehicles to and from the use"; and (3) that it "shall not hinder or discourage the development and use of adjacent land and buildings" (Town of Ulster Town Code § 190-46). In its resolution denying petitioners' special use application, the Town Board relied on these conditions, specifically finding that "the establishment [*3]of an automobile sales facility is not consistent with the pending proposals on other nearby properties" and noting that "[t]he applicant did not establish the reasonable need for an automobile sales facility." However, although the Town Code sets forth that a proposed use may not be detrimental to the community and that it must harmonize with the surrounding area, it contains no requirement that a petitioner affirmatively demonstrate that a reasonable need exists for the proposed use (see Town of Ulster Town Code § 190-46). As respondents provide no authority to support the imposition of such a burden, doing so constituted an error of law.
All told, these errors of law require remittal for further proceedings before the Town Board. To that end, although we need not directly address whether respondents' substantive contentions relative to the desirability of the project have merit, in contemplation of further proceedings, we take the opportunity to note that a Town Board may only reject an application for a properly proposed project for an otherwise permitted use where it finds by substantial evidence that there are "specific, reasonable grounds to conclude that the proposed special use [is] not desirable at the particular location" (Matter of Kinderhook Dev., LLC v City of Gloversville Planning Bd., 88 AD3d 1207, 1209 [3d Dept 2011] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied 18 NY3d 805 [2012]; see Matter of Steenrod v City of Oneonta, 69 AD3d 1030, 1031 [3d Dept 2010]). In making that determination, the municipality must consider that "[w]hen a zoning law enumerates a use as allowed by a special use permit, it is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (Matter of Blanchfield v Town of Hoosick, 149 AD3d 1380, 1383 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Burke v Denison, 203 AD2d 642, 643 [3d Dept 1994]). In this vein, "generalized community objection, without more, is an improper basis for denial of a special use permit" (Matter of Church of Jesus Christ of Latter-Day Sts. v Planning Bd. of Town of Clifton Park, 260 AD2d 769, 769 [3d Dept 1999]; see Matter of PDH Props. v Planning Bd. of Town of Milton, 298 AD2d 684, 686 [3d Dept 2002]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.